## SPENCER v. WHEATON *et al.*

1. SCHOOL TAX: CURATIVE ACT. A school house tax levied at a school district meeting which was not held at the time prescribed by § 10 of chapter 52 of the Laws of 1858, was not rendered valid by the provisions of the curative act passed by the Board of Education, December 15th, 1862.
2. INJUNCTION. An injunction cannot be granted in an action at law.

*Appeal from Tama District Court.*

WEDNESDAY, OCTOBER 15.

THE facts are stated in the opinion of the court.

*Isaac L. Allen* for appellant.

*Bagg* for appellee.

BALDWIN, C. J.— The bill in this case was filed for the purpose of restraining the defendants from selling certain personal property, seized for the purpose of paying the complainant's taxes, levied in the year 1858. The plaintiff alleges that prior to the taking of said property by the defendant, as treasurer and collector of said county, he tendered to said officer the full amount of the taxes levied upon his property, excepting the amount of tax levied for school-house purposes, which he claims was wrongfully assessed ; but the said officer refused to receive the amount so tendered, unless the complainant would also pay in full the school-house tax.

A motion to dissolve the injunction for want of equity, and a demurrer to the bill, being each overruled, the respondents appeal. Section 10, chapter 52, Laws of 1858, provides that the electors of the school district, when legally assembled at a district school meeting, shall have the power to levy a tax to build school-houses, &c., provided, however, that no tax shall be levied for building

school-houses, .excepting at the regular meetings in March,: and the first Monday in September.

It is alleged in the bill, that the tax against complainant for school-house purposes, was levied at a meeting of the. electors of the district, in May, 1858, and it is, therefore, claimed that it was wrongfully levied, and .the defendant had no authority to collect the same.

From the argument of appellants' counsel we should suppose that the complainant claimed, and the court below held, that the tax was improperly levied, upon the ground that this court had held in the case of *The City of Dubuque* v. *The Township of Dubuque*, 7 Iowa, 262, that the act of 1858 was unconstitutional.

It is claimed by the counsel of appellants, that if the tax was irregularly levied, the curative act passed by the Board of Education, December 15, 1861, makes the assessment regular; that this act applies to § 10, as that is continued . in force.

The language of the first section of the curative act is,— "that all elections which have been held, * * * all acts done, and contracts made, and any tax which may have been levied by any person, school district or corporation, and any rights which any person may have acquired * * * under and in pursuance of an act of the general assembly, entitled 'An Act for the Public Instruction of the State of Iowa,' approved March 12, 1858, be, and the same are hereby legalized, and confirmed as fully and effectually as though the same had taken place in pursuance of legal enactment."

It is only such acts done, contracts made, taxes levied in pursuance of the provisions of this act, that are cured by this act of the Board of Education. The act of the school district in making the · assessment was not in accordance with the terms of this act,—on the contrary it was made at a time that would have rendered it invalid under the

act of 1858. The curative act, therefore, did not make this levy regular, and the defendant was acting wrongfully in distraining the complainant's property, for the purpose of collecting a tax under this assessment. It is claimed that the complainant had a full and complete remedy at law, that the writ of replevin would have restored to him all the rights he claims by his bill.

While the writ of replevin might have restored the complainant to the possession of the property distrained, yet he prays that the officers who have the collection of this tax may be forever enjoined from undertaking to collect the same. This is a relief prayed for that could not be fully given in an action at law.

The motion to dissolve the injunction was properly overruled.

Affirmed.