Ten Eyck v. Casad and Rowley.

---

## TEN EYCK v. CASAD AND ROWLEY.

1. REDEMPTION: LIMITATIONS. The right to redeem mortgaged premises from a sale made in the foreclosure of a senior mortgage, at any time within ten years after the sale, is not secured to a junior mortgagee, who was not a party to the foreclosure proceeding, and cannot be set up as a defence to a proceeding to compel such junior mortgagee to redeem or to bar his right of redemption.

2. SAME: RENTS AND PROFITS. A senior mortgagee, who has taken posses_ sion of the mortgaged premises under a sale in foreclosure, will, on redemption by a junior mortgagee, who was not a party to the foreclosure proceeding, be required to account for the rents and profits accruing during the time which he held the same in possession.

*Appeal from Lee District Court.*

TUESDAY, APRIL 5.

WINNE owned lot nine, block fifty-nine, in the city of Keokuk, and executed a mortgage thereon to Heimstreet.

The mortgagor afterwards conveyed the lot to Rickey, who mortgaged the same to Rowley. Heimstreet foreclosed his mortgage, bought the property under the special execution, obtained a deed, conveyed to Ten Eyck, and they have, since the sheriff's sale, enjoyed and received the rents and profits. To this proceeding of foreclosure Rowley was not a party. Ten Eyck filed the present bill against Rowley and others to quiet his title, and to require Rowley to forthwith redeem, by paying the amount for which the property sold, with ten per cent interest. Rowley filed his answer and cross-bill, claiming, *First*, That he has ten years within which to redeem; *Second*, That the rents and profits since the sheriff's sale, to the date of redemption, shall be deducted from the amount otherwise due Ten Eyck. A demurrer to the first clause was sustained, and to the second overruled. There was no stipulation in either mortgage entitling the mortgagees to the possession. Heimstreet's mortgage was made April 9, 1857; Rowley's, June 23, 1857. Both parties appeal.

*R. H. Gilmore* for the plaintiff.

*H. Scott Howell* for the defendant.

WRIGHT, Ch. J. — Counsel for defendant make no argument to sustain the sufficiency of the first clause of the answer. We are not aware of any principle of the common law which supports the position assumed; nor has any provision of the statute been brought to our attention warranting the right to redeem for the time claimed. We conclude, from the summary manner in which it is disposed of by counsel, that it is not insisted upon with much confidence; and finding nothing to sustain the right thus claimed, we shall, in this respect, affirm the ruling of the Court below.

Under the second proposition it is, in effect, admitted, (and could not well be denied), that, by the equitable rules

governing the rights of mortgagor and mortgagee, or at common law, the mortgagee was bound to account for the rents and profits. But it is insisted that this was because he held the legal title and took the possession without foreclosure proceedings in court, the mortgagor holding the equity; whereas, by our law, the rule is changed, the mortgagor retaining the legal title and right of possession. § 2217. This is true; but why it should make any difference, so far as the rights of other incumbrancers are concerned, having no notice of the foreclosure, where the mortgagee has foreclosed and taken possession, we cannot perceive. Suppose the mortgagee, without foreclosure, should enter into possession, would there be any question, under our statute, if he should afterwards commence proceedings to foreclose, or if the mortgagor should file his bill to redeem, but that he (the mortgagee) would be compelled to account for the rents and profits?' It seems to us clearly not. The statute changing the rule as to the legal title in no manner interferes with the right of the mortgagor, who may have a right to redeem, to the rents and profits. And the same is true as to other incumbrancers. The property stands as a pledge or security for the payment of the several liens, according to their priority. Until these several lien-holders have their proper day in court, the pledge should not be used by one of them for his own benefit; that is to say, he cannot thus obtain possession, realize from the rents and profits his entire debt, or any part of it, and insist, as against other incumbrances, that he shall be paid his original demand, with interest, without accounting for the money realized from the use of the common pledge or security. If his debt is satisfied, that is all he has a right to ask as against other parties, strangers to his proceedings, who are interested in the property. There is nothing in the statute giving him any greater or other rights, any more than at common law.

The ruling below is affirmed on both points, each party paying half the costs of this Court.