## LAVERTY v. HALL's Administratrix.

1. Specific performance: DEMURRER. Where a petition for specific performance alleges that the plaintiff's assignor made valuable improvements upon the property in controversy; that time was not of the essence of the contract; and that the same has never been rescinded or forfeited, the court cannot determine, as matter of law, that the lapse of time between the execution of the bond and the commencement of the suit for specific performance bars the plaintiff of relief. Each case must be determined upon its own peculiar circumstances.

2. —— TENDER. Where the vendor is dead, and, by a sale to a third person, has disabled himself or his representatives from conveying, at least until the rights of the vendee and such third person are judicially settled, it is sufficient for the vendee, in his petition for a specific performance, that he is "willing to pay if he can get a good title," and pray for a deed upon the payment of the balance of the purchase-money.

*Appeal from Polk District Court.*

THURSDAY, JANUARY 18.

SPECIFIC PERFORMANCE. — The defendant, Sytha, J., is the administratrix of the estate of Edwin Hall, deceased.

The object of the petition, which is in equity, is to obtain a conveyance of lot 5, block 3, Hall's addition to Des Moines. The petition alleges that Edwin Hall in his lifetime, sold this lot to one Spain, who entered upon and made valuable improvements thereon; that Spain sold his interest therein to the plaintiff for $800, the plaintiff assuming to pay Hall the balance of the purchase-money due from Spain.

In consideration of these facts it is further alleged, that on the 16th day of September, 1858, Hall executed to the plaintiff a bond or agreement for a deed, a copy of which is annexed to the petition. This bond is in the penal sum of $800, and is conditional in substance as follows:

" In consideration of $236.76 with ten per cent interest to be paid on the first day of January, 1859, the said Hall promises to convey, with warranty, to the said Laverty (the plaintiff) lot 5, &c., provided said Laverty shall pay to said Hall the sum specified in this bond.

" (Signed) EDWIN HALL."

There is no other or further stipulation or condition in the agreement.

The plaintiff further alleges, " that time was not the essence of the contract, and that the same has never been forfeited or rescinded; *that he is ready and willing to pay said purchase-money if he can get a good title;* that he makes John J. Edenburne a defendant, who (it is alleged) claims to have possession of said real estate under a contract of purchase from the said Hall. It is further averred, that Hall has sold said lot to Edenburne, and has put him in possession, but plaintiff is not advised whether Edenburne had notice of the plaintiff's rights; and for the purpose of having this question settled, plaintiff charges that Edenburne has paid said Hall nothing for said lot,

and that he had notice of the plaintiff's contract and equities at the time he purchased from Hall.

The prayer is, that the administratrix be decreed to execute a deed "upon the payment by the plaintiff of the balance of the purchase-money ;" but if, upon the trial, it shall appear that Edenburne is an innocent purchaser for value, without notice, then the plaintiff asks a decree or judgment for damages.

To this petition the administratrix demurred, because: 1st. It did not state facts sufficient to constitute a cause of action. 2d. It does not.aver that the money due has been tendered, nor any other steps taken by which defendant is put in default.

The demurrer was overruled, and exceptions noted. The demurrant appeals, and assigns for error, the overruling of the demurrer.

*B. N. Kinyon* for the appellant, cited the following authorities: *Collins* v. *Vandever*, 1 Iowa, 573 ; *Freeland* v. *Mitchell*, 8 Miss., 487 ; *Lucas* v. *Snyder*, 4 G. Greene, 491 ; *Fitch* v. *Casey*, 2 Id., 300 ; *Young* v. *Daniels*, 2 Iowa, 126 ; *Usher* v. *Livermore*, Id., 117, and the cases cited.

*Withrow & Smith* for the appellee, cited the following authorities: *Rutherford* v. *Haven & Co.*, 11 Iowa, 587 ; *Hayward* v. *Munger*, 14 Id., 522.

DILLON, J. — I. As the demurrer questions the sufficiency of the petition, assuming the facts therein stated to be true, all of the materials of it have been set out in the statement.

I. SPECIFIC PERFORMANCE: demurrer.

It is first claimed by appellant that the *long delay* by the appellee to pay for the lot, or to bring this suit, will defeat his right to a specific performance or to damages.

This will depend upon the circumstances as they may appear upon the trial. The views of this court on this subject will be found in *Young* v. *Daniels*, 2 Iowa, 126; *Collins* v. *Vandever*, 1 Id., 573, 577.

It being alleged that plaintiff's assignor made valuable improvements, that time was not the essence of the contract, that the same has never been forfeited or rescinded, &c., we cannot say, as a *matter of law*, that the plaintiff has so slept upon his rights as to deprive him of relief, if he otherwise shows himself entitled thereto.

II. But the main point relied upon by the administratrix to reverse the ruling of the District Court is, that the petition was fatally defective, inasmuch as it failed to aver that the plaintiff had ever tendered the balance of the purchase-money, or had ever brought the same into court.

2. —— tender.

The rule on this subject is well stated by WRIGHT, Ch. J., in *Young* v. *Daniels*, above cited, at p. 134: "There can be no doubt of the general doctrine that, before a vendee can ask a specific performance of a contract, he must have performed or offered to perform whatever the contract has made a condition precedent on his part."  *  * " But even this rule will not be found to be of universal application. One exception is, *where the vendor has put it out of his power to comply*," &c. *S. P. Collins* v. *Vandever*, 1 Iowa, 573, 578. And see *Olive* v. *Dougherty*, 3 G. Greene, 371; *Garretson* v. *Vanloon*, Id., 128.

The rules and requirements of courts of equity are founded in good sense. If Hall were living, and had not disabled himself from conveying, it would be unreasonable to have allowed the plaintiff to sue him without tendering the money, or at least bringing it, or offering to bring it into court, and paying all costs up to that time. The plain reason for this is that, until this be done, Hall would not be in default, and plaintiff should do equity before asking

that his adversary be compelled to answer to his complaint.

But here Hall is dead, and the plaintiff *must* come into court to get a title, and in such a case, it is sufficient that he brings the money into court when he files his bill.   This we held in *Collins* v. *Vandever, supra*.   Subject to costs, we might not deny relief, if in such a case there was an offer to bring the money into court when required, and the requirement of the court was promptly complied with.   The liberal doctrine of courts of equity on this subject will be found stated and exemplified in the cases above referred to, and in *Hayward* v. *Munger,* 14 Iowa, 516, 522 ; *Rutherford* v. *Haven,* 11 Id., 587.

But where, as in the case at bar, the vendor is dead, and by a sale to a third person has disabled himself or his representatives from conveying at all, or at least until the respective rights of the vendee and such third person have been first judicially settled, we hold that it is sufficient for the vendee to aver, as was here done, " that he is willing to pay if he can get a good title," and to pray for a deed " upon payment of the balance of the purchase-money."

The petition is framed with a double aspect, and properly so.   If it turns out that the plaintiff is entitled to relief, and that Edenburne is not a *bona fide* purchaser, then the court will order the plaintiff to pay in the money, and if he fails to do so, dismiss his suit.   If it falls out that the plaintiff is not, for delay or for other reasons, entitled to relief, the court will dismiss his action, and the money, if in court, would do the defendant no good.   If it shall happen that Edenburne is a *bona fide* purchaser, for value, but that, as against his vendor, the plaintiff is entitled to damages, then there is no need that the purchase-money should be in court pending this litigation.   On the facts stated in the petition, the administratrix has no right to receive the money if it were in court.   Why should she, then, object that it is not

there? When it is shown that she is entitled to it, the District Court will make short work of the plaintiff's case, unless the money be placed in court. The case is somewhat peculiar, but upon a careful consideration of appellant's argument and authorities, we have been unable to reach the conclusion, that the action of the court below was erroneous.

The case, as made in the petition, is a reasonable, clear and well defined exception to the general rule as to the necessity of a previous tender and payment of the money into court.

Affirmed.