ANSON v. ANSON *et al.*

1. **Foreclosure: PARTIES: JUNIOR MORTGAGE.** At common law, when a junior mortgagee is not made a party to a proceeding to foreclose a senior mortgage, such junior mortgagee is not barred of his right to foreclose against the mortgagor, or of his right to redeem against the senior mortgagee or his assignee, or the purchaser at the foreclosure sale.

2. —— UNDER THE STATUTE. The common law rule has not been changed by § 3664, Revision of 1860.

3. —— STATUTE CONSTRUED. Section 3664 of the Revision of 1860 was intended to enlarge and not to restrict the rights of mortgagees and lien holders, by giving them a right of redemption after sale. It applies only to those who have been made parties to the foreclosure proceeding.

4. —— TENDER. In a petition for the foreclosure of a junior mortgage, and to redeem against a senior mortgage, it is not necessary to tender the amount due under the senior mortgage when the petition alleges that the senior mortgagee is in possession and prays an account of rents and profits and for waste committed, and proffers to pay the balance which may be found due on the senior mortgage; after making proper deductions for such rents, profits and waste.

5. —— RIGHTS OF PURCHASER UNDER SENIOR MORTGAGE. The purchaser of the mortgage premises at a sale under a proceeding to which a subsequent mortgagee or lienholder was not made a party, stands in the position of an assignee of the senior mortgage, and as such he is entitled to interest on the prior mortgage until it is redeemed, and is liable to account for the rents and profits and waste arising while he is in possession of the mortgage premises.

6. —— PURCHASE AT TAX SALE. A purchaser in foreclosure under a senior mortgage by proceedings to which a junior mortgagee was not a party, cannot, by a purchase of the premises at tax sale, acquire any right which will preclude such junior mortgagee from redeeming the premises by tendering the proper amount.

*Appeal from Marshall District Court.*

SATURDAY, JANUARY 27.

MORTGAGE: FORECLOSURE: REDEMPTION: TAXES, &c. — On the 24th day of July A. D., 1860, the defendants, Alva and Alvira Anson, executed to the plaintiff a mortgage on certain real estate to secure a promissory note for $439.37, and some other indebtedness which plaintiff had become liable to pay as surety for defendant, Alva Anson. This mortgage was recorded July 28, 1860.

The petition alleges that *prior* to the time of the execution of said mortgage, viz., October 1, 1856, said defendants, Alva and Alvira Anson, had mortgaged said premises

.to one *Burdett Wood* for the sum of $1,500. That on the 4th day of January, 1861, Burdett Wood commenced his action in District Court of Marshall county to foreclose his mortgage; and afterwards, on the 4th day of September, 1861, Burdett Wood obtained a decree foreclosing his mortgage on the lands described in the petition, against Alva and Alvira Anson, and the premises were sold under said decree on special execution, on the 21st day of January, 1862, for $1,600, to defendant, *Wells S. Rice*, who afterwards conveyed the same to defendant, *Obed Caswell*, by warranty. To these proceedings *the plaintiff* (although his mortgage was recorded, and defendants and each of them, and Burdett Wood, had notice of the same,) *was not made a party*.

The petition charges that the defendants, Wells S. Rice, and Obed Caswell, have been in possession of said premises since January 21st, 1862; that the lands are improved lands, and the rents and profits are worth $500 per year, and that the defendants, Rice and Caswell, have sold timber and committed waste amounting to $1,000; that Rice and Caswell have no title, except as acquired under said Burdett Wood mortgage, and the foreclosure of the same, to which proceeding plaintiff, as aforesaid, was not a party.

The plaintiff asks a foreclosure of his mortgage against defendants, Alva and Alvira Anson, an account to be taken of the amount due on the Burdett Wood mortgage; that Rice and Caswell be required to account for the rents and profits; and the petition also asks for a sale of the premises, and that the plaintiff be permitted to redeem from the Burdett Wood mortgage, and the sale thereunder, and that he have costs, &c.

Alva and Alvira Anson, the mortgagors, and Woodbury, who is alleged to claim some interest in the premises, were severally defaulted.

To the above petition the defendants, Rice and Caswell,

demurred, assigning various causes therefor, and raising the question decided in the opinion of the court.

This demurrer being sustained the plaintiff excepted, stood upon his petition, and appeals.

*Boardman & Brown* for the plaintiff.

*L. W. Griswold* and *Bradley & Caswell* for the defendants.

DILLON, J. — The plaintiff, a junior mortgagee, was *not made a party* to the foreclosure proceedings of the senior mortgagee, although it is averred that the latter had, at the time of the institution of those proceedings, both actual and constructive notice of the rights of the former. Under these circumstances the principle is elementary and undisputed, *unless altered by statute*, that the second mortgagee is not barred of his right to foreclose against the mortgagor, or of his right to redeem from the first mortgagee or his assignee, or the purchaser at the foreclosure sale. *Ten Eyck* v. *Cassad and Rowley*, 15 Iowa, 524; *Veach* v. *Schaup*, 3 Id., 194; *Heimstreet* v. *Winnie*, 10 Id., 480; *Bates* v. *Ruddick*, 2 Iowa, 423.

*1. FORE-CLOSURE: parties: junior mortgage.*

But the defendants, Rice and Caswell, contend that this will has been altered by statute, and refer to and rely upon the act of April 2d, 1860. Ch. 114, Laws, 1860, p. 148; Rev., § 3664.

*2. —— under the statute.*

This act provides, "that in all cases where judgments or decrees are rendered by any of the courts of this State upon a foreclosure of mortgages on real estate, the defendant's judgment creditors and other creditors having liens upon the mortgaged premises, shall, in case of the sale of the mortgaged premises on execution, have the same time to redeem and the same rights to redemption as in cases of sales on ordinary judgments at law."

Such is the imperfection of language, and want of care and skill in using it, that legislators, as well as others, frequently fail to express the precise idea intended, neither more, nor less, nor different. The language above quoted affords a base broad enough for the defendant's proposition, and yet standing alone, it does not *necessarily* require that construction. Viewed in the light of the occasion of its passage, and it is plain that the legislature do not intend to enact the startling innovation and unreasonable rule that a subsequent lien holder, though *not made a party*, would, unless he redeemed within the time limited, be forever barred of the right.

Under the Code of 1851, this court had decided, that the mortgagor and other lien holders, who were made parties, could not redeem land sold under a decree of foreclosure, after a sale under a special execution. In other words, the law was, that redemption by such persons must be made *before* the sale, and could not be made *after*. *Kramer* v. *Rebman*, 9 Iowa, 114, decided at June Term, 1859.

3. —— statute construed.

Now, the object of the act of 1860 was to *enlarge* the rights, as thus declared, of the mortgagor and lien holders, by giving them a right of redemption after sale, the same, as to time and terms, as in cases of sales upon ordinary judgments.

The act contemplates and refers to cases where the debtor and lien incumbrancers are *made parties*. If made parties, they must redeem within the time and upon the terms prescribed. If not made parties, the act does not apply, and consequently they are not bound to redeem within the time thus limited. The defendant's construction contravenes the legislative intention, by restricting, rather than enlarging, the rights of subsequent incumbrancers..

Anson v. Anson.

II. The plaintiff, not being barred, may, of course, file his petition to foreclose his mortgage, and redeem from the prior one or the sale thereunder. This he did. But it is objected that in order to redeem he ought to have *tendered* the amount due on the first mortgage. The petition, however, shows a reason for not doing so. It is alleged that Rice and Caswell have been in possession since January, 1862, and are liable to account for rents and profits, and for waste committed. Of these he asks an account, and that the amount, when ascertained, be deducted from the Burdett Wood mortgage, and proffers to pay the balance, if any, when it is ascertained. This is sufficient, especially when the right to redeem is denied and resisted. *Laverty* v. *Hall*, 19 Iowa, 526, and cases cited; *Stapp* v. *Phelps*, 7 Dana (Ky.), 296. As to the necessity of a tender in any case, where the junior mortgagee files a bill to foreclose and sell, and pay all incumbrances out of proceeds, see *Vanderkemp* v. *Shelton*, 11 Paige, 28.

*4. —— tender.*

Rice by his purchase became, in equity, the assignee of the Wood mortgage; and Caswell is likewise the assignee thereof, by virtue of his purchase from Rice, and they are entiled to be subrogated to all rights arising thereunder. It follows, that Rice and Caswell are, on the one hand, entitled to interest on the prior mortgage until it is redeemed by the plaintiff, and, on the other hand, they are liable to account to him for rents and profits and waste. *Ten Eyck* v. *Cassad & Rowley*, 15 Iowa, 524; 1 Washb. on Real Property, 555, 568, 631; *Goodman* v. *White*, 26 Conn., 317; *Thompson* v. *Chandler*, 7 Me. (Greenl.,) 377; *Bradley* v. *Snyder*, 14 Ill., 267; *Benedict* v. *Gilman*, 4 Paige, 58.

*5. —— rights of purchaser under senior mortgage.*

III. It is alleged in the petition that Rice, *after* he came

into the possession of the property, was in duty bound to pay taxes thereon, but instead of doing so, purchased in the same for taxes, with intent to cut off the interest of the plaintiff, &c., &c. If the averments of the petition are true, Rice would not thereby acquire rights which would bar the plaintiff from redeeming, on the payment of the proper amount.

*6. —— purchase at tax sale.*

The judgment of the District Court sustaining the demurrer to the petition is reversed, and the cause remanded with leave to the appellees to answer, if so advised.

Reversed.