NEWMAN v. DE LORIMER *et al.*

1. **Statute of limitations:** MORTGAGE. Section 2740, Revision of 1860, applies to all suits upon written contracts, in equity as well as at law; and under it a suit to foreclose a mortgage is barred by a lapse of ten years time.

> *Argu.* 1. MORTGAGE: ESTATE OF MORTGAGEE. Under section 2117, Revision of 1860, the interest of the mortgagee is not an *estate*, but is simply a specific lien or charge to secure a debt, which is the principal thing.
>
> 2. DEED OF TRUST: POWER OF TRUSTEE. While the trustee named in an ordinary deed of trust is vested with the legal title. he holds it for a specific purpose, defined by the deed, and he cannot maintain an action of ejectment against the grantor, either before or after default.
>
> 3. STATUTE OF LIMITATIONS: PRESUMPTION OF PAYMENT. The ordinary rule adopted by courts of equity, that the statute of limitations is not a positive direct bar, but is adopted by analogy, and is founded upon a presumption of payment, which may be rebutted by circumstances, is applicable to proceedings to foreclose mortgages after the expiration of the time mentioned in section 2740, Revision of 1860.

*Appeal from Dubuque District Court.*

MONDAY, OCTOBER 9.

STATUTE OF LIMITATIONS IN EQUITY PROCEEDINGS: FORECLOSURE. — The petition, in this case, was filed April 28, 1864, to foreclose a deed of trust made by Michael J. Sullivan, since deceased, to one John D. Sullivan as trustee to secure to the plaintiff, Newman, $690, "to be paid on or before the 10th day of June, 1851, as will more fully appear by my promissory note, to that effect of the same date with these presents."

The note, and the deed of trust securing it, bear date December 11, 1850; and the latter instrument was recorded in Dubuque county, where the real property is situated, August 8, 1851.

It was alleged in the petition that the debt was unpaid; but no new promise, acknowledgment or other circumstance, showing that the debt was not in fact paid, was alleged.

The defendants demurred, because it appeared from the petition that more than ten years had elapsed since the note and deed should have been discharged, and the action was therefore barred by the statute of limitations.

This demurrer being sustained, the petition was dismissed, and the plaintiff appeals.

*J. M. Griffith* and *W. J. Knight* for the appellant, cited *Richmond* v. *Aiken et al.*, 25 Verm., 324; *Pratt* v. *Higgins*, 29 Barb., 277; *Bush* v. *Cooper*, 26 Miss., 599; *Miller* v. *Helm*, 2 Sm. & Mar., 687; *Thayer* v. *Mann*, 19 Pick., 535; *The Bank of the Metropolis* v. *Guttschick*, 14 Pet., 19; *Hilton* v. *Catherwood*, 10 Ohio, 109; *Gary* v. *May*, 16 Id., 82; *Mitchell* v. *Vance*, 5 Monr., 526; *Hughes* v. *Edwards*, 9 Wheat., 489.

*James M. McKinlay* and *John L. Harvey* for the appellees, cited Ang. Lim,, § 26; *The People* v. *Everest*, 4 Hill, 71; *Le Guen* v. *Gouverneur & Kemble*, 1 Johns. Cases, 436; *Dalter* v. *Lay & Guye*, 13 Iowa, 538.

DILLON, J. — Various provisions of the statute have a bearing upon the question here presented. All actions "founded upon *written-contracts*, and those brought for the recovery of *real property*," must be brought within ten years after their causes accrue. (Rev., § 2740.)

<span style="font-variant: small-caps">I. Statutes of limitations: mortgage.</span>

"In the absence of stipulations to the contrary, the mortgagor of real estate retains the legal title and right of possession thereof." (Rev., § 2207.)

Mortgages must be foreclosed by civil action (Revision, § 3660), and deeds of trust may be treated like mortgages, and foreclosed by action in the District Court. (Revision, § 3673.)

The plaintiff cannot proceed concurrently at law on the note or bond, and in equity to foreclose, but must elect which course he will pursue. (Rev. § 3663.)

The rights and remedies of a mortgagee are, it will be perceived, very much restricted by these statutory provisions.

*Argu.* 1. MORTGAGE: estate of mortgagee.

The modern idea of a mortgage as being not an estate in the land, but simply a *specific lien* or *charge* on land to secure a debt, which is the main and principal thing, is fully recognized and carried out by our statute.

Thus the mortgagee is, by section 2217, above quoted, prohibited from getting, as he otherwise could, possession of the rents and profits of the land mortgaged, by an action of ejectment. Let it be admitted, that in the case at bar the trustee has the legal title (*Cook and Sargent* v. *Dillon*, 9 Iowa, 407; 2 Am. Law Reg. [N. S.], 655, and authorities there cited), yet this is the bare legal title, and he holds it in trust for the special purposes declared in the deed, viz.: to sell on default of the grantor therein to pay the debt. His powers are created and limited by this instrument, and in our opinion he cannot maintain an action of ejectment against the grantor in the instrument, either before or after default.

*Argu.* 2. DEED OF TRUST: powers of trustee.

Nor can a mortgagee, as above stated, proceed at the same time at law on the note, and in equity to foreclose, as he might have done at common law. It is our opinion, that section 2740 of the Revision respecting limitations of actions, *as to all actions therein mentioned and provided for*, applies equally whether the action be brought at law or in equity, *e. g.* a suit in equity upon a " written contract " is barred by ten years, equally as if the action were one at law upon a like instrument. We are well aware that it is held in many of the States, that the creditor may pursue his remedy upon the mortgage, though the debt be barred by the statute of limitations (Hilliard on Mortg., ch. 27,

Newman v. De Lorimer.

and authorities cited by appellant's counsel.) But the contrary has been sometimes adjudged as the better rule, (*Harris* v. *Mills*, 28 Ill., 44.)

Under our statute, however, the decision of the present case is plain. The mortgagee or creditor has no right of entry. Ten years is the limitation, equally as to actions on written contracts, and actions for the recovery of real property. There is no separate covenant in the deed of trust to pay the debt; and if there was, the ten years limitation would apply to it the same as the note.

In most of the States twenty years are necessary to bar the mortgagee, by lapse of time, of his right to foreclose; and this period, says Chancellor KENT (4 Com., 189) "is taken by analogy to the period of limitation at law, for tolling the entry of the true owner."

We have expressed the opinion above, that in a suit like the present, our statute of limitations directly applies.

But if we should be mistaken in this, then the ordinary rule adopted by courts of equity would apply, viz.: That *Argu. 3.* the statute of limitations is not a positive and STATUTE OF LIMITA- direct bar, but is adopted by analogy, and is TIONS: presump- founded upon a presumption of payment, which. tion of pay- ment. may, however, be met and rebutted by circumstances. (Id.; 2 Story Eq. Com., § 1028, *b;* 1 Greenl. Ev., § 39.)

The presumption of payment of the note would, under our statute, arise in ten years instead of twenty; and the possession of the mortgagor for that period, "after breach of the condition, without any payment of interest, or any admission of the debt, will," to quote the language of Mr. Story (Com., § 1928 *b, supra*), "generally be deemed to bar and extinguish the right to file a bill for a foreclosure."

Payment is presumed, in the view we are now considering the case, in ten years. Admit, for the argument, that this presumption may be repelled. It is the duty of the

plaintiff to state the circumstances upon which he relies to destroy the presumption. (See Rev., §§ 2691, 2692.) No such circumstances are alleged in the petition, and, therefore, the court did not err in holding that the right to a foreclosure was, *prima facie*, extinguished or lost by lapse of time. See *Johnson* v. *Hopkins, ante.*

Affirmed.