GOWER *et al.* v. WINCHESTER *et al.*

**Mortgage:** EQUITY OF REDEMPTION : STATUTE OF LIMITATIONS. The right of a junior mortgagee, who was not made a party to a proceeding of foreclosure of a prior mortgage, to redeem therefrom, is absolutely barred in ten years. The doctrine of adverse possession has no application to this right under our law respecting mortgages.

*Appeal from Johnson District Court.*

FRIDAY, JANUARY 26.

PETITION, filed January 11, 1870, to redeem from foreclosure and sale under a senior mortgage. It is shown by the petition and exhibits annexed that on the 17th day of December, 1855, Hiram Watts made a mortgage to one John Aslein, on certain described lots in Iowa City ; that on the 24th day of June, 1858, a judgment and decree of foreclosure was rendered on said mortgage against the mortgagor alone — no other persons having been made parties to the proceedings, and on the 18th day of April, 1859, the mortgaged premises were sold on special execution under said foreclosure, and purchased by N. C. Eaton, to whom the sheriff executed a conveyance for all of the mortgaged property, which deed was duly recorded on the 19th day of April, 1859, and that Eaton conveyed to another party May 5, 1859, which conveyance was recorded on the same day.

On the 30th day of January, 1858, Watts and wife made a mortgage to James H. Gower for the same lots included in the mortgage to Aslein, which was recorded February 2, 1858. After the maturity of this mortgage and on the 29th day of November, 1859, this mortgage was foreclosed by action in the district court against Watts and wife only, and, on special execution issued upon the decree of foreclosure, the sheriff sold all of the mortgaged property to James H. Gower, the execution plaintiff, and made

him a deed therefor, which was recorded February 8, 1860. The petition further states the respective dates at which the defendants, who are purchasers under the Aslein judgment, took actual possession (nothing being averred as to possession prior to that of defendants), all of which dates so stated are within ten years prior to the commencement of this action.

The petition also contains averments of rents and profits accrued to the respective defendants since they have had possession, and asks that such rents and profits be applied in extinguishment of the Aslein judgment.

It is also shown that the lots in controversy were conveyed by James H. Gower to G. O. Gower, August 22, 1860, and that the latter devised the same by will to the plaintiff.

A decree permitting redemption, the cancellation of the sheriff's deed to Eaton, and the confirmation of plaintiff's title, is prayed.

The defendants demurred to the petition upon the grounds:

1. That it did not state facts sufficient to constitute a cause of action.

2. That on the face of the petition it appears that the remedy sought is barred by the statute of limitations, more than ten years having elapsed since the sale of the premises in controversy to Eaton, at foreclosure sale, through whom defendants claim title, before the suit brought.

The demurrer being sustained, plaintiff appeals.

*Clark & Haddock* for the appellants.

*Robinson & Patterson* for the appellees

MILLER, J.— The rule is well established in this State, that subsequent mortgagees and purchasers of the mortgaged

premises, not made parties to an action to foreclose a prior mortgage, are not bound by the foreclosure. *Heimstreet* v. *Winnie*, 10 Iowa, 430 ; *Street* v. *Beal & Hyatt*, 16 id. 68 ; *Chase* v. *Abbott*, 20 id. 154 ; *Johnson* v. *Harmon*, 19 id. 56 ; *Newcomb* v. *Dewey*, 27 id. 381, 390. The foreclosure and sale to Eaton, under the Aslien mortgage, therefore, did not bind Gower, the junior mortgagee. It is a well-established rule in equity that, until foreclosure, the right of redemption by the mortgagor and his representatives is incident to every mortgage (Willard's Eq. Jur. 447), and that this right extends to all persons having any subsisting interest whatever in the mortgaged premises as against the mortgagor. A purchaser of lands at sheriff's sale is entitled to redeem from a prior mortgage. A subsequent judgment creditor is entitled to redeem. So a junior mortgagee is entitled to redeem from a prior mortgage, if due, and to an assignment on redeeming. Ibid. ; 1 Hilliard on Mort. (3d ed.) 395, 396 ; *Burnet* v. *Dennison*, 5 Johns. Ch. 35, 40. So one who has not been made a party to an action to foreclose, not being bound by the proceedings, may thereafter redeem. *Anson* v. *Anson*, 20 Iowa, 55.

The effect of the foreclsure and sale under the Aslien mortgage was to transfer to Eaton, the purchaser, all the rights of the senior mortgagee, and also to transfer to him, the purchaser, so much of the equity of redemption as was not bound by the junior mortgage of Gower, or in other words, all of the estate of the mortgagor and mortgagee, subject only to the right of the junior mortgagee to redeem. *Broom* v. *Ditmas*, 4 Paige, 531 ; 1 Hilliard on Mort., *supra*.

With respect to incumbrancers who are made parties to the foreclosure suit, they may and are required to redeem within the time and in the manner prescribed by the statute securing to them such right, but with respect to one who had not been made a party, his remedy is by petition in equity. *Anson* v. *Anson, supra ; Parsons* v. *Welles et al.*, 17 Mass. 419 ; Willard's Eq. Jur. 447.

The junior mortgagee not having been made a party to the foreclosure of the senior mortgage his equity of redemption was not affected by such foreclosure, or by the sheriff's sale thereunder. The right of action to redeem, therefore, remains unless barred by the statute of limitations.

Whether the action is so barred we proceed to inquire :

The senior mortgage having been foreclosed without making the junior mortgagee a party, the right of the latter to bring his action to redeem would most certainly be perfect upon the maturity of the junior mortgage. Whether the right of a junior mortgagee to bring an action to redeem from a senior mortgage is complete upon the maturity of the latter we do not, as we need not, determine in this case. But that such right of action is complete upon the maturity of the junior mortgage is beyond doubt. The right of action to foreclose a mortgage accrues upon the maturity of the debt which the mortgage has been given to secure. The mortgagee may then, not only bring his action to foreclose against the mortgagor, but also to redeem from prior mortgagees or other incumbrancers. It is, therefore, beyond doubt, that upon the maturity of the mortgage made by Watts and wife to James H. Gower, the right of the latter to bring an action to redeem from the prior mortgage was then, if not before, clear and perfect.

It is settled in this State that the right to bring an action to foreclose the equity of redemption of the mortgagor is limited to ten years from the maturity of the mortgage. *Newman* v. *De Lorimer et al.*, 19 Iowa, 244. Under our statute the interest of the mortgagee is not an *estate* in land, but simply a specific lien or charge thereon to secure a debt, which is the principal thing. Ibid. Had Gower failed to bring his action to foreclose against the mortgagor until ten years after the maturity of his mortgage had elapsed, his right of action would have been barred. At the time he did foreclose, he could have made all prior

incumbrancers parties, and procured a decree for redemption from the prior mortgage. His interest under his mortgage was but a chose in action, both with respect to the mortgagor and the prior mortgagee. The right to redeem from the latter was based upon the same instrument as his right to foreclose against the former. The one is of no higher character than the other, and if an action to foreclose is limited to ten years, we can see no reason why an action to redeem is not limited to the same time. The action in either case is of the same character. The doctrine of adverse possession can have no influence in the determination of the question, inasmuch as a mortgagee, as before remarked, holds no estate in the mortgaged premises under our law, and hence the inapplicability of the authorities cited by appellant. It is true that if purchasers, under a prior foreclosure, go into possession, upon a bill filed in time by a junior mortgagee to redeem, the parties in possession will be charged with rents and profits; and that this rule has not been interfered with by our statute changing the rule as to the legal title, see *Ten Eyck* v. *Casad*, 15 Iowa, 524. But this is no authority for the position of appellant, that the statute of limitations commences to run only from the time there is an *actual adverse* holding of possession by those claiming under the prior foreclosure sale.

It is generally held, in those States where the mortgagee holds the legal title, that, although the debt secured by the mortgage may be barred by the statute of limitations, if suit be brought upon the debt, the mortgagee may pursue his remedy on the mortgage. 2 Hilliard on Mortg., ch. 27; *Newman* v. *De Lorimer*, *supra*. This is so because the mortgagee holds the legal title to the land, subject only to be defeated by the payment of the debt secured by the mortgage; that the *mortgage* is the principal thing, and that the period of limitations in respect to the debt and the mortgage not being the same, that appli-

cable to the mortgage governs. The creditor has a double remedy, one upon his deed to recover the land, another upon the note to recover judgment and execution for the debt, and he is allowed to recover on the mortgage, although his remedy on the note may be barred. 2 Hilliard on Mortg., ch. 25. But, under our law, the *debt* is the principal thing, and the mortgage a mere incident, a security, a mere chattel interest, and follows the principal thing for which it stands security. *Burton* v. *Hintrager,* 18 Iowa, 348; *Bank of the State of Indiana* v. *Anderson,* 14 id. 544; *Sangster* v. *Love,* 11 id. 580; *Crow, McCreury & Co.* v. *Vance,* 4 id. 434. And "the mortgagee or creditor has no right of entry," because he has no title to the land. His action of foreclosure is to obtain a money judgment for the amount of his debt, and to subject the security to its payment, and is not in any sense an action to recover the land. The right to maintain the action runs for ten years and no longer, irrespective of the possession. So, also, it appears to be beyond question that the right of a junior mortgagee to redeem from a prior one being of no higher or different character than his right to foreclose, the action for that purpose must be brought within ten years from the time the cause of action accrued. At the time this action was commenced, more than ten years had elapsed after the maturity of the junior mortgage, and the action is, therefore, barred.

Whether the fact, that Gower had obtained a judgment of foreclosure upon his mortgage, would affect the foregoing view, we need not determine, since more than ten years had elapsed from the entry of judgment in his foreclosure proceedings before his action was commenced, and the lien of such judgment had then expired. Rev. of 1860, § 4109.

The judgment of the district court will therefore be

Affirmed.