ZORGER *et al.* v. THE TOWNSHIP OF RAPIDS IN LINN COUNTY, AND BURLINGTON, CEDAR RAPIDS AND MINNESOTA RAILWAY CO. *et al.*

1. **Taxation:** IN AID OF RAILROADS: INJUNCTION. Under the statute (§ 2, chapter 102, Laws of 1870) providing for taxation in aid of the construction of railroads, the trustees of the township are authorized to order an election, upon presentation of a petition signed by one-third of the *resident* tax-payers of the township. Hence, a bill in chancery alleging that the petition was not signed by one-third of the tax payers of the township (without regard to their residence), would not authorize an injunction to restrain the collection of the tax.

2. —— The fact that the railroad company, prior to the election, caused to be published, in a newspaper of the township an agreement or proposition, that it would, within a certain time, expend a sum named in the erection of machine shops, etc., and that the company had not

expended the amount stated, would not invalidate the tax, nor authorize the issuance of an injunction to restrain its collection.

3. **Injunction:** TO RESTRAIN COLLECTION OF TAX. The rule is well settled in this State that a court of equity will interpose by injunction to restain the collection of an illegal tax.

*Appeal from Linn District Court.*

FRIDAY, JANUARY 25.

ON the 1st day of April, 1871, the plaintiff, George Zorger, filed in the Linn district court a petition, the portion of which, material to the present consideration, alleges that the plaintiff and many other persons, too numerous to be mentioned, are, and on the 15th day of August, 1870, were owners of taxable property within the township of Rapids, in Linn county. That, at a pretended election held in said township, on the 15th day of August, 1870, in pursuance of notice given by the board of trustees of said township, a majority of the votes cast were in favor of a tax of two per cent for the purpose of aiding in the construction of the Burlington, Cedar Rapids and Minnesota Railway.

That, on the 6th day of September, 1870, the board of supervisors of said county of Linn made a levy of two per centum taxation upon the assessed valuation of the property in said township, for the purpose aforesaid. That the election, tax, levy, and all proceedings in relation thereto are illegal and void, for the reason that the law authorizing the vote is unconstitutional, and because previous to the said election no petition was presented to the trustees of said township of Rapids asking the submission to the voters of said township of the question of aiding in the construction of said road.

The petition further alleges that with intent to deceive and defraud the voters, and induce them to authorize the tax, the said company caused to be published in the Cedar Rapids *Times* a contract signed by the president of the company, agreeing to expend the sum of $30,000 in the erection and construction of car, repair and machine shops, within six

months of the date of the proposed election, and that the company had not expended more than $10,000 for that purpose.

The petition prays an injunction, restraining the county treasurer from collecting said tax, and from paying out any portion which may have been collected. On the 25th day of April, 1871, the defendants filed a demurrer to the petition.

On the 8th day of May, 1871, the same was submitted to the judge of the court in vacation, and the following ruling was made thereon:

"And now on this 8th day of May, 1871, the parties came before me by their attorneys in vacation, and notice for the application for injunction having been given, this cause came on for hearing on the petition and motion for injunction and the demurrer to petition, and was argued by counsel; and being fully advised in the premises it is ordered that the writ of injunction issue, upon the filing of an injunction bond by plaintiff in the sum of $500, with sureties to be approved by the clerk of Linn district court; that said writ shall be directed to the treasurer of Linn county, and shall restrain him from paying over to said railroad company, its agents or assigns, any part of said tax which may now be collected, and restraining him from proceeding by distraint or sale of property to collect any of said tax which is yet uncollected, but he is authorized and required to receive and receipt for such tax as may be voluntarily paid.

From this order the defendants appeal.

*A. S. Belt* for the appellants.

*A. B. Young* for the appellee.

DAY, J.—I. The action of the district judge granting the injunction was based upon the allegation in the petition that the trustees ordered the vote upon a petition not signed by the requisite number of tax payers of the township.

1. TAXATION: in aid of railroads: injunction.

Section 2 of chapter 102, Laws of Thirteenth General Assembly, provides that " whenever a petition shall be presented to the council or trustees of any incorporated town or city, or trustees of any township, signed by *one-third the resident tax payers* of such township, city or town, asking the question of aiding in the construction of any railroad to be submitted to the voters thereof, it shall be the duty of the trustees or council, or board of trustees to immediately give notice of a special election," etc.

The plaintiff alleges that previous to the election no petition was presented to the trustees signed by *one third the tax payers* of said township.

It is evident that this may be true, and yet there may have been a complete compliance with this provision of the law. The tax payers of a township are usually not all residents of the township ; so that generally one-third the *tax payers* of a township would be a greater number than one-third the *resident tax payers ;* and whilst the petition upon which the order for a vote was made was not, as is alleged, signed by one-third the former, yet, it may have been signed by one-third the latter.

It is quite evident that proof of the facts here stated would not entitle the plaintiff to any relief.    Hence, the temporary injunction should not have issued for the cause here assigned.

Counsel have argued, with some elaboration, the question whether a petition signed by one-third the *resident tax payers* is necessary in order to confer jurisdiction to order the vote, and thus essential to a valid tax.    As the question, however, is not necessarily involved in the record, and may not arise upon the further hearing of the case ; and, as the members of the court as at present advised are not agreed as to the effect of a failure to present a petition so signed to the trustees, we deem it better to waive the determination of that question until it becomes necessary.

II.    The district judge determined, and rightly, we think, that the allegations respecting the contract published in the Cedar Rapids *Times* did not entitle plaintiff to an injunction

restraining the collection of the tax.    This contract contains an agreement to locate and maintain the principal machine shops at Cedar Rapids.    It further contains the following provision:

"And the said railway company further agree that before the trustees of said township shall certify that double the amount of said tax has been expended by the said company, in the construction of their said road in said township, as provided by section 3, chapter 102, of the Laws of the Thirteenth General Assembly of the State of Iowa, the said company shall furnish to the said trustees satisfactory evidence that the said company have expended an amount equal to the said tax, in the erection, construction and equipment of the permanent car, repair and machine shops aforesaid, and shall so certify to the treasurer of said county, before he shall pay any portion of said tax to the said railway company."

The railway company further agree to expend in the construction of said car, repair and machine shops, in buildings, machinery and improvements, $30,000 within six months, a further sum of $30,000 within twelve months, and an additional $30,000 within twenty-four months; and that, in the event of failure to expend these several sums at the times mentioned, it will forfeit and pay to the county treasurer, for the use of the tax payers of said township, all the sums they may have received by virtue of said tax.

The only condition of the foregoing agreement, upon which the right to the tax is made to depend, is, that the company shall furnish the trustees satisfactory evidence that the company has expended an amount equal to the tax in the construction and equipment of car, repair and machine shops, before the treasurer shall pay any portion of the tax to the company. This might occur before the time limited for expending the first $30,000; and when it did occur, the company was entitled to the tax.

It follows that the stipulations respecting the expenditure of the several sums of $30,000, in the building and repair of machine shops, are independent conditions, and conditions to be performed after the tax became due or might become due.

Now, the petition alleges that, at the commencement of the action, the company had expended $10,000 in the erection of the shops stipulated for, and it is nowhere shown that this sum is not equal to the tax raised.

III. It is urged that if the tax is illegally imposed, the plaintiff has an adequate remedy at law in an action of replevin or trespass, and that he cannot resort to a court 8. INJUNCTION: of equity. We concede that, in most cases where to restrain col- lection of tax. the interposition of a court of equity has been invoked to restrain the enforcement of an illegal tax, it has been refused upon the ground that the remedy at law is adequate. But the jurisdiction of equity for such a purpose has been too long recognized, and too frequently resorted to in this State to be now made a matter of serious question. *Spencer* v. *Wheaton et al.*, 14 Iowa, 38 ; *Langworthy* v. *City of Dubuque*, 13 id. 86 ; *Macklot* v. *The City of Davenport*, 17 id. 379 ; *Litchfield* v. *The County of Polk*, 18 id. 70 ; *Chamberlain* v. *The City of Burlington*, 19 id. 395 ; *Olmstead et al.* v. *Board of Supervisors of Henry Co.*, 24 id. 33 ; *Williams* v. *Plinny*, 25 id. 436.

In the last case, which was an injunction to restrain the collection of a tax levied for school-house purposes, WRIGHT, J., delivering the opinion of the court, said: " As tax payers and residents of said district, they would have a right to ask the courts to restrain the collection of a tax levied without authority of law. It is idle in such a case to talk about turning each tax payer over to his remedy at law against the officers on their official bond or otherwise."

As the cause must be reversed, it is not absolutely necessary to determine the remaining question, to wit: the right of plaintiff to maintain this action on behalf of himself and others.

This is the sole question in another case now pending before us, and we desire to leave it undetermined until each member of the court can give it a thorough examination, with the aid of the additional light reflected by the authorities in that case cited.                                                Reversed.