CLINTON COUNTY v. COX *et al.*

**Statute of limitations:** FORECLOSURE OF MORTGAGE. Where, by reason of the non-residence of the defendant, which under the statute is deducted from the period of limitation, an action on a promissory note is not barred, neither is an action or proceeding to foreclose a mortgage or deed of trust securing such note.

*Appeal from Clinton District Court.*

WEDNESDAY, DECEMBER 10.

ACTION in chancery instituted by plaintiff to foreclose a mortgage upon lands in Clinton county. Everhart, who purchased the land from Cox, was made a defendant. Butterfield filed a cross-petition setting out that Cox, the grantor in the

mortgage in suit, on the 6th day of November, 1857, executed to him a deed of trust to secure certain notes before given, and since the 1st day of June, 1865, has been a non-resident of the State. The cross-petition asks that the deed of trust be foreclosed against the land.

Everhart demurred to Butterfield's cross-petition on the ground that it shows the cause of action therein set out to be barred by the statute of limitations. The demurrer was sustained, and Butterfield appeals.

*Merrell & Howat* for the appellant.

*J. Stine* for the appellee.

BECK, Ch. J.— The facts upon which the only question involved in this case arises are these : The deed of trust and notes held by Butterfield were executed more than ten years prior to the commencement of the suit, but Cox, who executed them, has been a non-resident of the State for a sufficient time to take an action against him upon the notes out of the operation of the statute of limitations. Rev., § 2745. A deed of trust to secure the payment of money is enforced by foreclosure as a mortgage. Rev., § 3673. Counsel agree that, in this case, it is to be considered as a mortgage. Is Butterfield's remedy by foreclosure against the land barred by the statute ? This is the sole question presented by the case for our decision.

Under the laws of this State a mortgage conveys no interest in, or title to, lands, but is simply a lien thereon for the purpose of securing the indebtedness which is its foundation. It is an incident — a security, in the nature of a lien — of the debt. It survives until the debt be paid or discharged, or the mortgage is released. It is a convoy bearing a lien for the protection of the debt, and as long as that exists it is not relieved of the duty of protection or rendered ineffective for that purpose. When the debt is discharged or, by operation of law, may no longer be enforced its functions terminate, and not

before. *Gower* v. *Winchester*, 33 Iowa, 303; *Burton* v. *Hintrager*, 18 id. 348; *State* v. *Lake*, 17 id. 215; *Vannice* v. *Bergen*, 16 id. 555; *Crow, McCreery & Co.* v. *Vance*, 4 id. 435; *Hendershott* v. *Ping*, 24 id. 134; *Packard* v. *Kingman*, 11 id. 219.

These principles determine the question before us, for, unless it appears that the debt is discharged, or is, under the law, no longer capable of being enforced, the deed of trust stands as a security for its payment. The non-residence of the debtor, Cox, arrested the operation of the statute of limitations, and the remedy upon the indebtedness still exists. The lien of the deed of trust may be enforced to satisfy the debt.

These doctrines are so well supported by the authorities cited, and the conclusion we reach is so plainly deducible therefrom, as to forbid discussion. We have held, applying the same principles, that an admission of a debt and a new promise to pay, which suspends the operation of the statute of limitation, keeps alive the lien of a mortgage given to secure the indebtedness. *Mahon* v. *Cooley et al.*, 36 Iowa, 479. The case is not distinguishable in principle from the one before us. In each the debt would have been barred but for the suspension of the operation of the statute, in the one case by a new promise, in the other by non-residence.

The argument of appellee's counsel, based upon the fact that Butterfield could have brought an action to foreclose the mortgage within the ten years, upon service of process by publication, notwithstanding the non-residence of Cox, is answered by the case just cited. In that case an action could have been brought before the time fixed by the statute, ten years, expired. Counsel contend that as ten years have run in which an action could have been brought, it is now limited. But the law does not so provide, and, in the case cited, we have, in effect, held otherwise. But in truth, the time of limitation provided for by the statute has not expired, for the period of the non-residence of Cox is expressly taken therefrom. This is a sufficient answer to the argument.

The conclusion we reach, it is thought by appellee's counsel,

will, in this and other like cases, work hardship. Lands may be purchased upon which old, unsatisfied mortgages may rest, under the supposition that they are satisfied or barred by the statute, and may be subjected to such liens in the hands of the purchasers. But the hardships in such cases result not from the law, but from the parties acting under a mistaken notion of their rights, and relying upon presumptions and protection not recognized by the law. Against hardships thus arising courts can extend no protection.

The judgment of the district court upon the demurrer is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed.