CRAWFORD v. TAYLOR, RICHARDS & BURDEN ET AL.

1. **Mortgage**: ABSOLUTE DEED. A deed absolute in form, executed to secure the payment of a loan, is a mortgage.

2. ———: ADVERSE POSSESSION. The possession of a mortgagor or mortgagee is not, as to the other, adverse.

3. ———: REDEMPTION: STATUTE OF LIMITATIONS. An action to redeem from a mortgage is barred in the same time an action to foreclose would be, and cannot be maintained after ten years from the date when the right of action accrued.

*Appeal from Howard District Court.*

WEDNESDAY, DECEMBER 29.

IN January, 1872, the plaintiff filed his petition in the District Court, alleging that he is the absolute owner of the real estate therein described; that the same was conveyed to him by Henry Crawford, November 1, 1871; that Henry Crawford theretofore was the owner of said land by patent title from the United States, issued February, 1870. That on the 17th day of May, 1857, said Henry Crawford purchased on credit of Taylor, Richards & Burden a land warrant, with which to enter said land, at $200, and borrowed $10 in money of them under an usurious agreement that said Henry Crawford should pay to defendants on said sum of $210 interest at the rate of forty per cent per annum, to be secured by mortgage; that thereupon said Henry Crawford made to John W. Taylor, one of said firm, his promissory note for $294, payable in one year thereafter, $84 of which note was usurious interest at 40 per cent upon $210; that to secure said note said Henry Crawford at the same time made to said Taylor a conveyance of said land and received from Taylor, Richards & Burden a bond to reconvey said land to said Henry Crawford upon the payment of said note; that said note has been paid, but the defendants retain the same and refuse to cancel it and have neglected to convey to plaintiff, and that

the deed or mortgage from Henry Crawford to said Taylor is on record and is a cloud on plaintiff's title.

It is further alleged that, on the 1st day of December, 1864, said Taylor conveyed the premises to George Burden; that on March 13, Burden conveyed the same to Babbage; that, at the several dates aforesaid, Taylor and Burden were members of the firm of Taylor, Richards & Burden, and that at the time of the conveyance to Babbage he knew that the deed from Henry Crawford to Taylor was intended as a mortgage; that said conveyance to Babbage was made and received with the intent to defraud the plaintiff and his grantor, and that Babbage paid no consideration for the land.

It is further alleged that since the 14th day of April, 1857, the date of the entry of the land, the plaintiff and his grantor, Henry Crawford, have held possession of the land in controversy and paid all the taxes thereon.

Plaintiff asks that an account may be taken as to the amount due on the note, and offers to pay whatever sum may be found due, and asks a cancellation of all the deeds between the defendants, etc., and for a decree establishing plaintiff's title to the land.

The answer of defendants denies generally the allegations of the petition, except the conveyances by Taylor to Burden, and by Burden to Babbage. It is alleged in the answer that the note of Henry Crawford become due and, he refusing to pay the same, the agreement was mutually rescinded by the parties; that defendants made improvements on the land and paid taxes. The statute of limitations is pleaded in bar of the action.

Upon a trial to the court a decree was rendered for plaintiff. Defendants appeal.

*E. E. Cooley*, for appellants.

Parol testimony to make a conveyance absolute on its face a mortgage should be clear, and should always be received with caution. (*Gardner v. Weston*, 15 Iowa, 532.) Any act of the parties showing an evident intention to rescind their

contract will have that effect. (*Varnum v. Babcock*, 13 Iowa, 194.) A party dealing with an agent, who acts under an express or special authority, is bound, at his peril, to ascertain the power of the agent and its legal effect. (*Payne v. Potter*, 9 Iowa, 549; Story on Agency, § 165.) The act must be identical with that authorized or the principal is not bound. (*Rossiter v. Rossiter*, 1 Am. Leading Cases, 544.) It is contrary to the policy of a court of equity to entertain claims that have become stale by the neglect of the party asking relief. (2 Story's Eq. Jur., § 771; *Wallace v. Berger*, 25 Iowa, 456; *Usher v. Livermore*, 24 Id., 117.) When the time of performance is an essential feature of the contract, it should be enforced in equity. (*Armstrong v. Pierson*, 5 Iowa, 317.) When a party by his conduct or declarations has induced another to act in a particular manner, he is estopped to repudiate them. (*Lucas v. Hart*, 5 Iowa, 415.) One who fails for a great length of time to assert his title may be estopped to do so. (*Foster v. Bigelow*, 24 Iowa, 379.)

*L. Bullis* and *H. A. Goodrich*, for appellee.

That one executed a deed to realty as security for the payment of a note, and received a bond for reconveyance upon payment, while he remained in possession and paid the taxes, constitute the transaction a mortgage. (*Richardson v. Barrick*, 16 Iowa, 407; *Nelson v. Patrick*, 34 Id., 362; *Green v. Turner*, 38 Id., 112.) Parol evidence is admissible to show that a deed absolute upon its face was intended to have the effect of a mortgage. (*Hall & Cochrane v. Savill*, 3 G. Greene, 37; *Trucks v. Lindsey*, 18 Iowa, 504; *Hughes & Dial v. Sheaff*, 19 Id., 335.) When the title is in one party simply as security, the legal title remains in the grantor and can only be divested by foreclosure. (*Hall v. McCall*, 13 Iowa, 471.)

MILLER, CH. J.—I. This case comes here for trial *de novo* on the evidence and the law applicable thereto. Plaintiff's theory of the case is that the conveyance executed by Henry Crawford, his grantor, to John W. Taylor, was in legal contemplation

Crawford v. Taylor, Richards & Burden.

a mortgage; that having purchased and received a conveyance of the land from Henry Crawford, he, the plaintiff, has a right to redeem the same from the mortgage by the payment of the debt which it was given to secure.

We are of opinion from the evidence that said deed from plaintiff's grantor to John W. Taylor was made 1. MORTGAGE: absolute deed. to secure the loan alleged in plaintiff's petition. Being given and intended as security for a loan the deed, though absolute in form, was and remains in law a mortgage, to which the right of redemption attached. *Trucks v. Lindsey*, 18 Iowa, 508; *Green v. Turner*, 38 Id., 112; *Richardson v. Barrick*, 16 Id., 417; *Hughes et al. v. Sheaff*, 19 Id., 335; *Key v. McCleary*, 25 Id., 191, and cases cited; *Wilson v. Patrick*, 34 Id., 362.

II. The plaintiff's right to maintain the action to redeem is clear unless it is barred by the statute of limitations. Defendants have pleaded the bar of the statute, and they insist thereon in argument. From the evidence before us we find that the mortgage debt was due and payable April 18, 1858; that no part thereof has been paid, and that this action was commenced on the 18th day of January, 1872, thus showing a period of nearly fourteen years between the maturity of the mortgage debt and the commencement of this action. It is conceded by counsel on both sides that the defendants could not maintain an action on the note to recover the debt, and that an action to foreclose is barred, the right to foreclose being barred in ten years from the maturity of the mortgage. *Newman v. DeLorimer*, 19 Iowa, 244; *Gower v. Winchester*, 33 Id., 303. It is also held in the case last cited that the right of the mortgagor to redeem is barred in the same time (ten years) that will bar the right to foreclose; that the right to redeem is based upon the same instrument as the right to foreclose; that the one is of no higher character than the other, and that the question of possession has no influence upon the statute of limitations in this respect. If the mortgagee fails to foreclose until after ten years from the maturity of the mortgage—the time when his right of action accrued—he is barred of his action irrespec-

tive of whether he or the mortgagor has been in possession.

2. ——: ad- If the mortgagor remains in possession, such
verse posses-
sion.        possession is consistent with and not adverse to
the rights of the mortgagee; and if the mortgagee be in
possession, such possession will not be held adverse until
the mortgage has been paid off. *Green v. Turner, supra.*

The statute bars the right of action to foreclose in ten years.

3. ——: re- So, also, the right of action to redeem is barred in
demption :
statute of lim-  the same time, unless there has been a revivor of
itations.    the right in the manner specified in the statute,
which is not claimed in this case. The plaintiff not having
brought his action until nearly fourteen years after his right
to do so accrued, it is barred by the statute. The decree of the
court below must be

REVERSED.