HASSELMAN ET AL. *v.* McKERNAN ET AL.

MORTGAGOR AND MORTGAGEE.—*Right of Holder of Junior Mortgage to Redeem.*—The holder of a junior mortgage who has foreclosed his mortgage in a suit without making a senior mortgagee a party, and who has bought in the mortgaged premises at a sheriff's sale on the decree, has a right to redeem the mortgaged premises from the senior mortgage, though the senior mortgagee may have previously foreclosed his mortgage without making the holder of the junior mortgage a party to the action, and though the premises may have been sold by the sheriff on the decree and bought in by the senior mortgagee, and though the assignment of the unior mortgage to the holder thereof was not placed of record.

SAME.—*Assignment of Mortgage.—Recording.*—There being no statute providing for the recording of assignments of mortgages and making such records notice, parties are not guilty of laches in not recording assignments of mortgages.

From the Marion Superior Court.

*A. G. Porter, B. Harrison,* and *C. C. Hines,* for appellants.

*J. W. Nichol* and *L. Jordan,* for appellees.

WORDEN, J.—Action by the appellants against the appellees, to redeem certain real estate described in the complaint.

Demurrer for want of sufficient facts sustained to the complaint, and judgment for the defendants at special term; and judgment affirmed at general term.

The material facts alleged in the complaint are, that on January 22d, 1866, one Matthew B. Tilbury was the owner of the real estate described, and on that day he mortgaged it to the defendants, McKernan, Pierce, and Yandes, to secure

the payment of a debt which he owed them. Afterward, by a conveyance from Tilbury and by mesne conveyances, the title to the property became vested in one Henry Weber; and on March 23d, 1867, Weber mortgaged the property to one Thomas Brooker, to secure the payment of certain notes, and on April 15th, 1867, Brooker endorsed the notes and mortgage to the plaintiffs, Hasselman and Watson.

On May 6th, 1868, the defendants instituted an action in the Marion Court of Common Pleas, to foreclose their said mortgage, making Tilbury, Weber, and Brooker parties, but not the plaintiffs herein, and such proceedings were had in said action as that, on April 20th, 1869, a judgment of foreclosure was entered in favor of the plaintiffs in that action, and on June 18th, 1870, the property was sold under the judgment, the plaintiffs in that action, the defendants herein, being the purchasers, for the amount of their debt. The defendants have received the sheriff's deed in pursuance of the sale thus made. The plaintiffs had no notice of said action.

On May 22d, 1868, the plaintiffs commenced an action in the Marion Court of Common Pleas, to foreclose the mortgage thus assigned to them by Brooker, making Weber and others parties, but not the defendants herein, because they were senior incumbrancers, and such proceedings were thereupon had that, on May 13th, 1869, a judgment of foreclosure was rendered in favor of the plaintiffs; and on June 12th, 1869, the property was sold under said judgment, and the plaintiffs, being the purchasers thereof, have received the sheriff's deed for the same.

On November 7th, 1871, the plaintiffs tendered to the defendants the amount necessary to redeem the premises, which amount is brought into court, etc., but the defendants refused to receive the same, or to permit the plaintiffs to redeem. The maker and indorser of the notes held by the plaintiffs are insolvent. Prayer, that the plaintiffs be permitted to redeem, etc.

We are of opinion that, on the facts alleged, the plaintiffs

were entitled to redeem, and that the court below erred in affirming the judgment rendered at special term.

The plaintiffs were the holders of a junior mortgage, and, although they have foreclosed their mortgage and bought the mortgaged premises, they have the right to redeem the prior mortgage held by the defendants, unless something has intervened to take away that right. The defendants, however, have foreclosed their mortgage and purchased the premises. They occupy the position of purchasers, rather than mortgagees, as against all persons who were parties to their action to foreclose. As a general rule, where a junior mortgagee is not made a party to an action to foreclose a senior mortgage, the foreclosure does not affect him, and as to him all things remain as if there had been no foreclosure. *Holmes* v. *Bybee*, 34 Ind. 262. His right in such case to redeem the prior mortgage, in order to make his own available, is undoubted.

But it is claimed that the rule cannot apply to cases where the holder of the prior mortgage makes all persons, of whose subsequent incumbrances he has any notice, actual or constructive, parties to the action to foreclose. In other words, that subsequent incumbrancers, of whose claims the prior incumbrancer had no notice, actual or constructive, though not made parties, will be bound by the foreclosure and sale, and that the purchaser at such sale will, as an innocent purchaser, hold the property discharged of such subsequent incumbrance.

It may be assumed in the case in judgment that the defendants, when they foreclosed their mortgage, knew that Weber had become the purchaser of the equity of redemption, and that he had executed the mortgage to Brooker, for these persons were made parties to that action. But there is nothing in the case indicating that they had any knowledge of the transfer by Brooker of the notes and mortgage to the plaintiffs. We have no statute providing for the recording of assignments of mortgages, and making such record notice; hence the plaintiffs were guilty of no laches.

It would be something of a hardship upon a purchaser, who had purchased on the supposition that all incumbrancers

had been made parties, and that he was acquiring a perfect title, to have the property redeemed by a subsequent incumbrancer. But, on the other hand, it would be a great hardship upon a subsequent incumbrancer, who himself has been guilty of no laches, to be cut off from the right of redemption by a judgment to which he was no party, and a sale under it. The right of redemption in such case we think well established by the authorities. *Haines* v. *Beach,* 3 Johns. Ch. 459, is in point, and, upon an examination of the authorities, fully establishes the right of redemption in such case.' See, also, *Swift* v. *Edson,* 5 Conn. 531. The cases of *Murdock* v. *Ford,* 17 Ind. 52, and *Davis* v. *Langsdale,* 41 Ind. 399, may also be noted as bearing remotely upon the question.

It seems to have been the practice in chancery, in bills of foreclosure, to put an interrogatory to the mortgagor, etc., whether there were any and what incumbrancers; and if the answer states any, it has been the practice to make them parties. Story Eq. Pl., sec. 193, note.

In the defendants' action to foreclose, had an interrogatory been put to Brooker, it would have probably developed the fact that he had transferred the notes and mortgage to the plaintiffs, and they could have been made parties.

The judgment below is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.

Opinion filed November term, 1874; petition for a rehearing overruled November term, 1875.