Jenkins *et al. v.* Newman.

Filed Jan. 16, 1890.

---

No. 13,700.

## Jenkins et al. *v.* Newman.

SUMMONS.—*Complaint to Set Aside Mortgage.— Cross- Complaint.—Judgment.—*
Where a complaint attacks a mortgage, seeking to have it set aside, and the cross-complaint alleges its validity, and asks a decree of foreclosure, a summons need not be issued on the cross-complaint, and served upon the defendants named in it. The judgment rendered on the cross-complaint is binding upon the parties to the complaint.

JUDGMENT.—*Assessment for Taxes.—Lien- Holders.—Notice.—Right of Redemption.—Foreclosure.—Sale on Decree.—*Lien holders must take notice of an assessment for taxes, the lien created by it, and the manner of enforcing collection, and they are bound by the proceedings whether made parties or not, and their only remedy is to redeem within a proper time. A sale on a decree of foreclosure of a lien for taxes passes the title to the purchaser as against judgment lien-holders.

SAME.—*Liens. — Purchaser at Junior Sale. — Ejectment. — Quieting Title.—*
Where two judgments are liens on real estate, and separate sales are made on each of the judgments, and different individuals purchase at

such sales, the purchaser at the junior sale can not maintain an action of ejectment or to quiet title against the purchaser of the real estate at the sale on the prior judgment without having redeemed from such sale.

SAME.—*Priority of Lien.—Ejectment.—Quieting Title.*—Where two liens are upon lands, one a tax lien, upon which a decree of foreclosure is rendered, and the other a judgment lien, the tax lien is superior. One claiming title through a sale on the judgment can not maintain an action in ejectment and to quiet title as against the person holding the title through the sale on the decree.

From the Ripley Circuit Court.

*E. P. Ferris, W. W. Spencer* and *J. S. Ferris,* for appellants.

*J. G. Berkshire, J. B. Rebuck* and *C. H. Willson,* for appellee.

OLDS, J.—This is an action by the appellants against the appellee to quiet title and to recover the possession of real estate.

The complaint is in two paragraphs, one to quiet title, the other for the possession of the real estate. The answer is a general denial.

There was a special finding of facts by the court at the request of the plaintiffs, and conclusions of law were stated. The appellants excepted to the conclusions of law, and moved for a judgment on the special finding of facts, which was overruled, and exceptions taken and errors assigned.

The only portion of the real estate in controversy on this appeal is $\frac{23}{27}$ of the S. E. $\frac{1}{4}$ of section 34, town. 8, range 10, which was given to the appellee by the finding and judgment of the circuit court, and the only questions presented and discussed are presented by the exceptions of Nancy A. Jenkins to the conclusions of law, and her motion for a judgment as to said land.

The special finding of facts is intermingled with too much of the evidence which is set out with the facts found for us to attempt to set it out in full, and hence we will consider the questions as they are severally presented by counsel.

December the 27th, 1865, Alexander Jenkins, the husband of Nancy A. Jenkins, became the owner of said $\frac{23}{27}$ of said quarter section, deriving his title to the undivided one-third of said quarter section by conveyance from his mother, Jane Jenkins, who derived her title to the same by inheritance from her late husband, Adam Jenkins, deceased. December 27th, 1865, Alexander Jenkins and his wife mortgaged this land, together with other land, to secure the payment of a note of $3,500 of even date with the mortgage, given to Eli Murdock by said Alexander Jenkins. On the 10th day of December, 1868, a suit was pending in the Ripley Circuit Court, wherein Jane Jenkins was plaintiff, and Alexander Jenkins and Nancy Jenkins, the appellants herein, and Eli Murdock were defendants, and all of said parties defendants were duly summoned to answer the complaint of said Jane Jenkins, and in the complaint of said Jane Jenkins in said action it was alleged, among other things, that by a fraudulent conspiracy on the part of all of said defendants, she had been prevailed upon by them to convey her undivided one-third interest in said one-fourth section of land of which her husband died the owner, to Alexander Jenkins, and that the object of said defendants, as confederates, was to have her make said deed to Alexander Jenkins, to enable him and his wife, Nancy A. Jenkins, to mortgage it to the said Eli Murdock, to whom said Alexander Jenkins was largely indebted, and to thereby make secure said indebtedness; that said deed was made by Jane, on the 26th day of December, 1865, and that on the next day, in pursuance of such fraudulent conspiracy of all of said defendants, the said Alexander and Nancy A. Jenkins executed said mortgage to said Murdock to secure said debt of $3,500 (setting out a copy of the mortgage), and asked that said mortgage be set aside and declared void in so far as the same affected her rights. In said suit Eli Murdock filed a cross-complaint upon his said note and mortgage, which said Jane asked to have cancelled, against his co-defendants Alexander and Nancy A. Jenkins, also

against the plaintiff therein, Jane Jenkins, alleging that Jane was claiming some interest in the land, and asking for judgment on the note and foreclosure of the mortgage. No process was issued on the cross-complaint.

Jane and Alexander Jenkins appeared and answered the cross-complaint. Nancy A. Jenkins did not plead to the cross-complaint, and in that action Murdock recovered a personal judgment against said Alexander Jenkins for $3,911.45, and a decree of foreclosure of said mortgage as to Alexander Jenkins and Nancy A. Jenkins, appellants herein.

It is contended by appellants' counsel that the decree of foreclosure is not binding upon Nancy A. Jenkins, for the reason that no summons was issued on the cross-complaint and served upon her. There is nothing in this objection. The original action related to the mortgage in question. The complaint set out the mortgage and asked to have it set aside, and the cross-complaint was germane to the complaint. The complaint asked to have the mortgage set aside, and the cross-complaint asked to have a foreclosure of the same mortgage ; and the mortgagors having been duly summoned to answer the complaint there was no necessity of summons issuing on the cross-complaint; they were in court for all purposes relating to the mortgage, and would be bound by a decree, either setting it aside or foreclosing it.

In the case of *Pattison* v. *Vaughan,* 40 Ind. 253, the court says : " We think that as to matters contained in the original complaint, if not in all cases, the defendants to the original complaint, when served with process thereon, as well as the plaintiff therein, must be regarded as in court for all the purposes of the action, whether the matters in controversy arise upon the original complaint, or upon the answer or cross-complaint." This language is quoted and approved in the case of *Bevier* v. *Kahn,* 111 Ind. 200. In the case of *Lewis* v. *Bortsfield,* 75 Ind. 390, the court says : "It is only where one of two or more defendants, after personal service, makes default in the original action, and another defendant

files a cross-complaint, setting up new matter not apparent on the face of the original complaint, that the defaulting defendant must be served with process issued on such cross-complaint, before any judgment by default can be taken or rendered against him on such cross-complaint."

The principle laid down in the above cases, from which we have quoted, clearly covers the question involved. The original complaint attacked the mortgage, and set out a copy of it, and the cross-complaint alleged its validity, and asked a decree of foreclosure. There was no necessity for issuing a summons on the cross-complaint and serving it upon the defendants named in it. The judgment rendered on the cross-complaint was binding upon the parties to the complaint. *Wadkins* v. *Hill,* 106 Ind. 543; *Ætna Life Ins. Co.* v. *Finch,* 84 Ind. 301.

In February, 1869, Eli Murdock died, leaving a widow and several children, and quite an amount of property in addition to the judgment and decree of foreclosure hereinbefore referred to. The heirs made settlement among themselves, making a division of most of the property, but leaving this judgment and another judgment in favor of the estate undivided, but to be divided among the children when collected, the widow to take no part of it. This agreement was in parol. Afterwards, in September, 1875, letters of administration issued on the estate of said Eli Murdock to one John Hughes. Hughes at the time was also administrator of the estate of one of the sons of Eli Murdock, who died after the division of his father's estate, and was interested in the collection of the judgment. In January, 1876, Hughes, as administrator of the estate of Eli Murdock, caused an order of sale to issue on the judgment and decree of foreclosure, and the real estate mortgaged and ordered sold by the decree was duly sold and purchased by the said administrator for the sum of $4,000, said administrator having previously obtained an order of court to purchase the same. He receipted the amount of his bid on the judgment, and a certif-

icate of purchase was issued to him by the sheriff. After-
wards a deed issued to him. Objections are made to the
regularity of these proceedings, and it is contended that there
had been a division of the estate between the heirs, and
that the judgment belonged to them, and that the judgment
was not properly receipted. The administrator was ap-
pointed by order of court, the sale was made and he pur-
chased the land by order of court. The heirs are not ob-
jecting to the regularity of the proceedings. It is immaterial
to determine whether the proceedings were regular in form
or not, they at least were not void, and their validity can
not be questioned in this proceeding. If they could be said
to be voidable, they could only be attacked by direct pro-
ceedings, and until so attacked and set aside would be
binding.

This brings us to the vital questions in the case : On the
30th day of December, 1876, one William S. Rice filed his
complaint and instituted his action in the Ripley Circuit
Court to quiet his title to the land in controversy in this
case, and, if his title proved to be invalid, then to enforce a
tax lien for taxes upon the real estate described therein,
which included the real estate in controversy in this case.
Alexander Jenkins and Nancy A. Jenkins, these appellants,
John Hughes, as administrator of the estate of Eli Murdock,
and others, were defendants, Hughes having obtained a
deed for said land prior to that time. It was alleged that
Alexander Jenkins and Nancy A. Jenkins, and others, are
the owners of all of said land ; that the same had been as-
sessed for taxation for the year 1873 (stating the amount);
that it was duly offered for sale on the 9th day of February,
1874, and the plaintiff Rice became the purchaser for the
amount of delinquent tax due ; that it had not been re-
deemed. The plaintiff presented his certificate to the auditor
of the county on the 26th day of February, 1876, and the
auditor had issued him a deed for said real estate. It was
alleged that John Hughes, administrator of the estate of Eli

Murdock, was a lien-holder ; that the plaintiff was not in possession, but was the owner by virtue of his tax deed, and the plaintiff asked that his title be quieted, or, in case his title was invalid, to have the amount due him ascertained, and a judgment for the amount, and for a decree for the sale of the land to satisfy his lien. The defendants were served, and in said action there was a finding of the amount due the plaintiff, which had been paid by him in discharge of the taxes upon said land, and a decree for the sale of said land for the payment of the same, unless said sum found due be paid within a time stated.

Upon the 19th day of March, 1878, the time fixed for payment having expired, and said amount not having been paid, the clerk of said court issued an order of sale on said decree in favor of said Rice, and the sheriff duly advertised and sold the same on the 20th day of April, 1878, to said William S. Rice for $783, and issued to said purchaser a certificate of sale, and on the 22d day of April, 1879, the sheriff issued to said Rice a deed for said real estate. On the 22d day of April, 1879, said William S. Rice and his wife conveyed said real estate, for a valuable consideration, to William D. Willson. William D. Willson brought suit against the appellants to recover the possession of said real estate in the Ripley Circuit court. Issues were joined in said cause and the plaintiff, Willson, recovered a judgment that he was the owner and entitled to the possession of said real estate. On October 29th, 1879, William D. Willson and wife conveyed said real estate, for a valuable consideration, to John Peteman, who, on the 16th day of August, 1884, conveyed the same to Joseph Newman, the appellee. On March 4th, 1871, Edwin P. Ferris recovered judgment in the Ripley Circuit Court for $226 against Alexander Jenkins, said Jenkins then owned the land. This judgment was assigned by Ferris to Henry T. Lipperd on August 17th, 1871. On the 3d day of March, 1881, there was an execution issued upon this judgment, and upon the same day it was levied

upon the real estate in controversy as the property of Alexander Jenkins. On the 6th day of August, 1881, the sheriff sold the said real estate to Henry T. Lipperd, the judgment creditor, and executed to him a certificate of purchase. On the 31st day of December, 1885, he assigned the certificate to the appellant, Nancy A. Jenkins, and on the 4th day of February, 1886, the sheriff executed to her a deed for said real estate.

These facts present the question as to who has the better title to the land, the appellee or the appellant, Nancy A. Jenkins, and as to the effect of the two sales made of said real estate by the sheriff, the one on the decree of foreclosure of the lien for taxes, and the sale on the judgment rendered in favor of Ferris.

By section 229 of the act of the Legislature, approved December 21st, 1872, relating to assessment of taxes, it is provided that if any conveyance for taxes shall prove to be invalid, and ineffectual to convey title for any other cause than those enumerated in the preceding sections (which are that the land was not liable for taxation, or if liable the taxes had been paid before sale), the lien which the State has on such lands shall be transferred to and vested in the grantee, his heirs or assigns, who shall also be entitled to recover from the owner of such land the amount of taxes, interest and penalty legally due thereon at the time of sale, with interest, together with the amount of all subsequent taxes paid, with interest, and such lands shall be bound for the payment thereof.

Section 257, same act, 1 Davis Revision of 1876, p. 129, provides the manner of foreclosing the lien and sale of the property.

The fact that the lien for taxes is superior to all judgment or mortgage liens can not be controverted, and had the tax sale to Rice been a valid one, it would have passed a good title to him for the land; all the remedy any lien-holder would have had would have been to redeem. The statute, section 257, *supra*, provides that lien-holders may be made

parties; and, if made parties, then their right to redeem would be cut off by the foreclosure suit. The lien which the State had on this land was transferred to the purchaser, Rice, and he foreclosed it and sold the land, and purchased it at the sheriff's sale; this gave to him a valid title to the land; all the right the judgment creditor had, as against him, was to redeem from the sale; this he has not done. The judgment lien-holder, as against the purchaser at the sheriff's sale on a decree of foreclosure of a lien for taxes, has but the right to redeem, whether he is made a party to the foreclosure of the lien or not. He is not a necessary party to a foreclosure of the lien. In the case of *Gimbel* v. *Stolte*, 59 Ind. 446, it was held that, in a proceeding by a city to condemn land for a street, the proceedings were against the property-owner, and that a judgment lien-holder is not entitled to notice, and can not redeem. *Blair* v. *Hanna*, 87 Ind. 298; *Crecelius* v. *Mann*, 84 Ind. 147; *Lawson* v. *Hilgenberg*, 77 Ind. 221.

Lien-holders are bound to take notice of the assessment for taxes, and the lien created by the assessment, and the manner of enforcing collection, and are bound by the proceedings whether made parties or not, and their only remedy is to redeem within a proper time, and a sale on a decree of foreclosure of a lien for tax passes the title to the purchaser as against judgment lien-holders, and the appellee in this case had a valid title to the land which is paramount to any title acquired by the appellant by virtue of the sale on the judgment rendered in favor of Ferris, if it can be said that any title passed by such sale, but we do not think that any title passed by virtue of such sale, as by the sale to Rice the title of Alexander Jenkins passed from said Jenkins and became vested in Rice long before the execution was issued on the Ferris judgment. The judgment rendered in favor of Ferris by virtue of the statute was made a lien on the land of the judgment debtor, Alexander Jenkins, for the period of ten years from the date of the rendition of such judgment;

at the expiration of ten years that lien expired, and can not be extended by the issuing and levy of an execution, and the judgment lien expired before the sale made by virtue of the execution issued upon the judgment. So that no title passed by such sale by reason of any judgment lien. At the time the execution was levied Alexander Jenkins had no interest in the land on which it was levied; his title had been divested by virtue of the sale on the decree of foreclosure long before the levy, hence the execution defendant had no interest in the land at the date of the levy which could be levied upon and sold by virtue of the execution, and such sale passed no title. It is not, however, necessary to decide this question, as other well-settled legal principles settle the questions, involved in this case, against the appellant.

The decree of foreclosure was superior to the judgment lien; while not antedating the judgment, it was a prior or a superior lien to the judgment, and a sale on the decree passed a good title to the purchaser, and all the remedy the junior or inferior lien-holder had was to redeem. When two judgments are liens on real estate, and separate sales are made on each of the judgments and different individuals purchase the land at such sales, the purchaser at the junior sale can not maintain an action of ejectment or to quiet title against the purchaser of the real estate at the sale on the prior judgment without having redeemed from such sale, and that is, in effect, what the appellant seeks to do in this case.

Two liens are upon the land, one a tax lien, and a decree of foreclosure is rendered on it; and the other a judgment lien. The tax lien is superior. The appellee claims title through a sale on the decree of foreclosure of the lien for tax, the superior lien; the appellant claims title through a sale on the judgment, and brings his action in ejectment and to quiet title as against the person holding the title through the sale on the decree. This can not be done even if the sale on the execution issued on the judgment had been made

before the expiration of the ten years from the rendition of the judgment.

It follows from the conclusions we have reached, that the court did not err in its conclusions of law, or in overruling appellants' motion for judgment on the special findings of fact.

Judgment affirmed, with costs.

BERKSHIRE, J., took no part in the decision of this cause. Filed Feb. 4, 1890.