(20 App. Div. 581.)

NAYLOR v. COLVILLE et al.

(Supreme Court, Appellate Division, Second Department. October 5, 1897.)

1. FORECLOSURE—RIGHT OF JUNIOR MORTGAGEE TO REDEEM.
    In an action to foreclose a mortgage on real property, a junior mortgagee of record was not made a party. Before the action was begun, he had assigned the mortgage to plaintiff, but the assignment was not then recorded, and plaintiff was not made a party to the action. At the foreclosure sale the premises were purchased by defendants. Held, that plaintiff's lien was not cut off, that defendants should be permitted to retain possession upon paying the amount due to plaintiff, and that, subject to their election to do so, plaintiff was entitled to redeem.

2. COSTS—REDEMPTION FROM FORECLOSURE.
    If, in a suit by a subsequent incumbrancer to redeem, the defendant improperly denies and resists a plain right of redemption, the party redeeming is not chargeable with the costs of the suit.

Appeal from special term, Kings county.

Action by Lillian F. Naylor against Catharine Colville and others. From an interlocutory judgment in favor of plaintiff, defendants appeal. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Alfred Roe, for appellants.

Oscar Frisbie, for respondent.

WILLARD BARTLETT, J. The mortgage which the plaintiff sought to foreclose in this action was executed by one John McKernan to Edward K. Robbins on October 6, 1876, and recorded on February 27, 1877. On the day when it was recorded it was assigned by Edward K. Robbins to the plaintiff, but the assignment was not placed upon record until September 5, 1894. The defendants Colville have acquired possession of the mortgaged premises through the foreclosure of a prior mortgage thereon. This prior mortgage was dated August 28, 1873, and recorded on October 14, 1873. It subsequently passed by mesne assignments to the Sag Harbor Savings Bank, by which institution it was foreclosed. The complaint and notice of lis pendens in the foreclosure suit were filed in the office of the clerk of Kings county on June 9, 1877. Although the mortgage of John McKernan to Edward K. Robbins (upon which the plaintiff now sues) had been recorded on February 27, 1877, as already stated, Robbins was not made a party defendant to the bank's suit. It seems plain, therefore, that neither his rights nor those of the plaintiff, who had succeeded to them as his assignee, could be affected by the foreclosure of the prior mortgage held by the Sag Harbor Savings Bank. Robbins was a junior incumbrancer, whose lien had not been cut off, and the plaintiff stands in his shoes. That foreclosure, the purchase of the premises at the foreclosure sale by the bank, and the subsequent sale to the defendants Colville leave those defendants in the position of mortgagees in possession, from whom the plaintiff herein, under her subsequent mortgage, is entitled to redeem. Salmon v. Allen, 11 Hun, 29, 32. As was held in the case cited, however, we think a decree of redemption should have been entered, which would permit the defendants to retain possession of the property, if they elect to pay the amount due to the plaintiff, instead of an interlocutory judgment compelling them to submit to a sale. There would seem to be no difficulty in modifying the judgment so as to effect this result. The facts found by the trial court are fully sufficient to sustain a decree of redemption. There are only two exceptions to the findings of fact, and neither is tenable, there being evidence in the record tending to establish each. In a suit by a subsequent incumbrancer to redeem, it is the rule that the party redeeming shall pay the costs of the suit, unless the defendant improperly resists the assertion of the right of redemption. Belden v. Slade, 26 Hun, 635, 642. Here, however, the appellants utterly deny what seems to be a very plain right in the premises on the plaintiff, and have thus deprived themselves of the benefit of this rule as to costs.

The interlocutory judgment should be modified so as to provide for

a redemption by the plaintiff according to the settled practice in equity, and, as thus modified, should be affirmed, without costs of this appeal. All concur.