[No. 2734. Decided December 20, 1897.]

THOMAS S. KRUTZ, *Respondent*, v. E. A. GARDNER, *Appellant*.

FORECLOSING OF ASSESSMENT LIEN — PURCHASE BY CITY — COLLATERAL ATTACK — RIGHTS OF MORTGAGEE.

In an action by a city to foreclose a street assessment lien, the holder of a mortgage lien upon the premises is not a necessary, though perhaps a proper, party, under a charter provision to the effect that " it shall be a sufficient statement of the cause of action in the complaint to allege the making and completion of the improvement, describing it, and the amount of assessment on the premises proceeded against, giving an accurate description thereof, and the amount of such assessment remaining unpaid, and the names of the owner of, and each person having an interest in, such premises at the time of commencing the action or suit."

A mortgagee who has not been made a party to the foreclosure of an assessment lien against the mortgaged premises would not be concluded by such foreclosure from redeeming, or perhaps from contesting, the validity of the assessment in a proper action, provided either of such courses was pursued within the time allowed by the statute of limitations.

The validity of a sale to a city, in default of other bidders, upon its foreclosure of a street assessment lien, which sale was confirmed by court without objection of the owner of the premises, cannot be contested in an action of ejectment by a mortgagee of the premises against one holding the premises by virtue of a sale of the city's interests therein.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Reversed.

*J. C. Whitlock*, and *J. T. Ronald*, for appellant.

*John P. Hoyt*, for respondent.

The opinion of the court was delivered by

SCOTT, C. J.—In March, 1889, L. M. Robbins and Eliza J. Robbins, husband and wife, executed a mortgage on lot 4 in block 47 of A. A. Denny's addition to the city of Seat-

tle to the plaintiff in this action. Thereafter, in the month of April in said year, the city enacted an ordinance for the grading of Lenora street, upon which said lot abutted, and to make the expense of grading the same borne by the property benefited. The lot in question was liable to assessment for the improvement and was assessed for its proportion thereof. The same not being paid, in June, 1890, the city commenced its action to foreclose the assessment lien, but did not make the plaintiff herein, nor L. M. Robbins, parties defendant. In July of said year a decree was entered foreclosing the assessment lien and directing a sale of the property to satisfy the same. In pursuance thereof, in the month of January, 1891, the property was exposed for sale, and there being no other bidders, it was struck off to the city for the amount of the assessment with interest, costs, etc., and this sale was afterwards confirmed by the court. Subsequently the city, in pursuance of an ordinance authorizing the same, sold and conveyed all its interest in the property to Mary B. Gardner. No redemption being made, she in due time received a sheriff's deed for the property. The defendant herein purchased from Mary B. Gardner. In March, 1894, the plaintiff commenced an action to foreclose his mortgage, but did not make the defendant herein, his grantor, or the city, parties defendant. In July of said year he obtained a decree of foreclosure directing a sale of the premises, and in September, 1895, the same were exposed for sale in pursuance thereof, and bid in by the plaintiff for the amount of his mortgage debt, and this sale was thereafter confirmed by the court. In June, 1897, he received a sheriff's deed and demanded to be let into possession of the premises. The defendant refusing to comply therewith, he brought this action in ejectment. The defendant answered setting up his title under the assessment lien foreclosure, and alleged that he had paid out large

sums for taxes and in making improvements on the lots since his purchase, and also that at the time of the assessment proceedings said lot was the separate property of Eliza J. Robbins. The plaintiff demurred to the affirmative defense and counter claim, and the defendant has appealed from a judgment thereon in favor of the plaintiff.

Substantially but two questions are presented for our consideration; one is a contention by the respondent that he should have been made a party defendant in the proceedings to foreclose the assessment lien, and that the same are void because he was not; the second is that the city had no authority to become a purchaser of the property, and could transfer no title or interest to Mary B. Gardner, the appellant's grantor. While the mortgage lien was prior in point of time to the lien of the assessment, it was yet subordinate thereto. This proposition is not disputed by the respondent. The general rule that the holder of a paramount lien is not required in an action to foreclose it to make the holder of a subordinate lien a party to such suit is conceded, but it is contended by the respondent here that, under section 10 of the charter of said city (Laws 1886, p. 243), he was a necessary party in a proceeding to foreclose such a lien, in view of the following provision in said section:

" . . . it shall be a sufficient statement of the cause of action in the complaint to allege the making and completion of the improvement, describing it, and the amount of the assessment on the premises proceeded against, giving an accurate description thereof, and the amount of such assessment remaining unpaid, and the names of the owner of, and each person having an interest in such premises at the time of commencing the action or suit."

Undoubtedly the holder of a mortgage would be a proper and desirable party defendant in an action to foreclose an assessment lien, but we do not think that it was the inten-

tion of this provision to make it essential that he should be made a party to the proceeding. The language of the section does not require it by any express provision, and it could only be inferred that he was a necessary party from the provision quoted, providing for a naming in the complaint of each person having an interest in the premises. Cases in the state of California have been called to our attention holding that under a provision requiring such proceedings to be brought against the owners the same would be ineffectual unless brought against all the owners. But these authorities would not apply—at least not directly—upon the question presented here. For a discussion of the general rule, see Pomeroy, Code Remedies (3d ed.), §§ 333-334.

Of course the rights of one not a party to the proceedings would not be concluded by such a foreclosure, but the same would be effectual to foreclose the lien against the owner of the premises. The holder of the subsequent incumbrance would, within the time allowed by the statute of limitations, be entitled to redeem. In relation to mortgages he would seem to be confined to that right. 2 Jones, Mortgages (5th ed.), § 1395; Bliss, Code Pleading (3d ed.), §101; *Gower v. Winchester*, 33 Iowa, 303; *Goodman v. White*, 26 Conn. 317; *Farwell v. Murphy*, 2 Wis. 533; *Jenkins v. Newman*, 122 Ind. 99 (23 N. E. 683); *Bradley v. Snyder*, 14 Ill. 263 (58 Am. Dec. 564).

We are of the opinion in this instance that he might go further, and in a proper action contest the validity of the assessment, if he had had no opportunity or was not called upon to do so pending the proceedings, for he had a right to a hearing in that matter so far as his interests were affected. But his further contention that the proceedings were entirely ineffectual for any purpose as against him, and that, the statute of limitations having run at the time

this action was brought against any right to foreclose the assessment lien as against him, the whole proceedings should be treated as void, can not be sustained. In this connection counsel has cited the case of *Damon v. Leque*, 17 Wash. 573 (50 Pac. 485), as sustaining his contention, but the point decided there was that a mortgagor could not revive a debt secured by a mortgage after the statute of limitations had run against it, and make the same a charge upon the land as against a third person who then owned it. There the statute had run before the action to foreclose the mortgage was brought; but in this case the statute had not run against the right to foreclose the assessment lien when that action was brought, the lien became merged in the decree of foreclosure, and the statute of limitations would not now operate against the claim prior to that time. It is not contended here, under the facts shown, that the assessment proceedings were invalid, but that the action subsequently brought to foreclose the lien thereby created was void because the mortgagee was not made a party defendant to that suit.

In support of the contention that the city had authority to purchase, the appellant has cited no direct provision of law in force when the foreclosure proceedings were commenced, but contends that it would follow from the right of the city to foreclose the lien. He further contends that the freeholders' charter adopted in 1890, which was in existence at the time the sale was made, conferred such authority, but we find no direct provision authorizing it. In section 8 it is provided in substance that such assessment shall be collected as other taxes shall be collected, and sold at the time and in the manner and by the same authority as lands and lots are sold for general taxes. Although art. 9, sec. 28, provides that at a general tax sale property may be struck off to the city, we have found no direct provision

authorizing it to be so struck off in case of a sale under the foreclosure of a special assessment lien, and it is doubtful whether section 28 would cover it.

The case of *New Whatcom v. Bellingham Bay Imp. Co.*, 16 Wash. 131 (47 Pac. 236), has also been called to our attention. The court held in that case that a decree authorizing the city to purchase was not erroneous. It was not one of the principal questions in the case and perhaps did not receive due consideration, at least in expressing the reasons in the opinion for the holding. The provisions of the charter mentioned would seem to apply only to property acquired for municipal purposes, and the section cited from the laws of 1893 (p. 379, § 122, Bal. Code, § 1760) is limited to the *city's own delinquent special assessments*, and might apply to a case where the city was constructing an improvement for which it was directly liable, and payable in the first instance out of its general funds, but where as a part of the scheme, and for reimbursing itself, the city should make the same a charge upon the property benefited. What was said in the case was not with reference to the question that the city might become an absolute owner of the property, but was with a view of preserving the proceedings, and as stated in the respondent's brief, citing Black on Tax Titles (2d ed.), § 301, only for the purpose of holding it until some person should be found who would take the land and pay the charges. If the city could be an ordinary purchaser, liabilities would grow out of it not contemplated in the making of the improvement, and entirely inconsistent with the theory of making the same a charge upon the property benefited, for the city would of course become liable to the warrant holder for the sum bid, but no such question was involved in that case nor here.

We do not find it necessary to decide in this case whether

there was statutory authority authorizing the land to be struck off to the city in default of other bidders. If it could be struck off to it, it could only be for the purpose of preserving the sale proceedings. But the assessment lien would remain intact if there was no valid sale. The foreclosure of that lien would remain effective also, only the sale to the city would be in question, and the lot could again be offered for sale thereafter, if that one was set aside. *Kelly v. Chapman*, 13 Ill. 530. If the lot was struck off to the city without authority in law the owner might have objected, but she did not do so, and permitted the sale to be confirmed by the court. Most likely subsequently she could not have questioned it. In the case of the *City of Champaign v. Harmon*, 98 Ill. 491, cited, it was held that a vendor of land could not question the power of a city to buy.

The sale to Mary B. Gardner appears to have been duly made and authorized by a city ordinance passed for the purpose. The fact that the lot was struck off to the city and by the city transferred to her was substantially only as if she had purchased it at the sheriff's sale. The reasons given in some of the authorities cited, as expressed in Rorer on Judicial Sales (2d ed.), §§ 413 and 414, relating to a purchase by a party in interest, do not obtain in a proceeding like this, for the interest of the city in collecting such assessment was only nominal. The fund to be provided thereby was for the benefit of the contractors. Section 10 aforesaid provided for authorizing a suit to foreclose the lien by the contractor who constructed the improvement. However brought, the action was really to enforce a private right, the remedy being confined to the property benefited by the improvement. Furthermore the court did permit the city to buy by confirming the sale.

Even though the owner could have objected to that sale in an apt and timely way, we are of the opinion that the

plaintiff can not contest its validity in an action of eject-
ment as is attempted here. He must seek his rights in a
proceeding to redeem the premises, where the rights of the
parties can be properly adjusted, or to set aside the assess-
ment if he is not precluded from so doing for a failure to
act in time or to contest the same in the assessment pro-
ceedings.

Reversed and remanded.

DUNBAR, REAVIS and ANDERS, JJ., concur.

GORDON, J., not sitting.