[No. 3387.   Decided July 1, 1901.]

THOMAS S. KRUTZ, *Appellant,* v. E. A. GARDNER, *Respondent.*

MORTGAGES — FORECLOSURE OF ASSESSMENT LIENS — FAILURE TO MAKE MORTGAGEE A PARTY — RIGHT OF REDEMPTION.

Where a mortgagee has not been made a party to an action foreclosing a street assessment lien against the mortgaged premises as the statute authorizing such foreclosure requires, his rights as mortgagee are not barred by reason of the sale of the premises under the assessment proceedings, but his right to redeem from the assessment lien continues as though he occupied the position of a junior mortgagee as against the lien holder occupying the position of a senior mortgagee.

SAME—

In such a case, the fact that the mortgagee had instituted foreclosure proceedings and bought in the mortgaged premises at a

sheriff's sale under the decree, without making the holder of the assessment lien a party to his action, would not affect such mortgagee's right to redeem from the assessment lien.

SAME — LIMITATION ON RIGHT TO REDEEM.

Since the right of a junior mortgagee to redeem accrues at the same time as his right to foreclose, the right of redemption is governed by the statute of limitations which provides that an action upon a contract in writing, or liability express or implied arising out of a written agreement, may be commenced within six years after the cause of action shall have accrued, and hence a mortgagee who had not been made a party to the foreclosure of a street assessment lien would be entitled to redeem from the sale thereunder at any time within six years after the maturity of his mortgage.

SAME—REDEMPTION FROM MORTGAGEE IN POSSESSION—ACCOUNTING.

One who occupies the position of a mortgagee in possession of the mortgaged premises is accountable, upon redemption thereof, for nothing more than the actual rents and profits received, and the reasonable value of the use of that part of the premises occupied by him, when there has been no wilful default or gross negligence on his part in the management of the property, less such sums as were necessarily expended by him for the preservation and maintenance of the property.

Appeal from Superior Court, King County.—Hon. William Hickman Moore, Judge. Reversed.

*John P. Hoyt,* for appellant.

*J. C. Whitlock* and *Ballinger, Ronald & Battle,* for respondent.

The opinion of the court was delivered by

Anders, J.—In November, 1882, Luther M. Robbins and Eliza J. Robbins became the owners of the property in question, and took a deed therefor in the name of Eliza J. Robbins. On March 1, 1889, Luther M. and Eliza J. Robbins executed a mortgage upon the property to Thomas S. Krutz to secure the payment of $2,500; and the mortgage was duly recorded on March 22, 1889. In April, 1889, the city of Seattle commenced proceedings looking

to the improvement of Lenora street, and included this property in the assessment district claimed to be benefited by the improvement, and assessed against the same the sum of $168.80. The assessment was not paid, and in June, 1890, proceedings were instituted to foreclose the lien. Neither Luther M. Robbins nor Thomas S. Krutz was made a party to the proceedings. Judgment of foreclosure followed, and on January 16, 1891, the property was offered for sale to satisfy the judgment and was bought in by the city for the amount of the assessment, penalty, interest, and costs. In March, 1894, Thomas S. Krutz commenced an action to foreclose his mortgage, making Luther M. and Eliza J. Robbins and certain other parties defendants, but did not make the city or E. A. Gardner defendant. Judgment was duly rendered, and on September 20, 1895, in pursuance thereof, the property was offered for sale, and was bought in by Krutz for the amount of his mortgage and costs. Said sale was duly confirmed on October 12, 1895. The sale to the city was confirmed on January 5, 1895, and a deed was made to the city on the 8th of January, 1895. On January 15, 1895, the city of Seattle deeded to Mary B. Gardner the interest acquired under the foreclosure of the assessment lien. Defendant E. A. Gardner claims under a deed from Mary B. Gardner. On June 17, 1897, the plaintiff herein received a deed from the sheriff for the property by virtue of his purchase at the sale under the decree of foreclosure. Thereafter Thomas S. Krutz instituted an action in ejectment against defendant, and prosecuted the same through the superior court successfully, but on appeal the judgment was reversed by this court. See 18 Wash. 332 (51 Pac. 397). On June 8, 1898, this action was commenced to redeem the property from the claim of the defendant under the assessment proceedings and sale to the city. The

plaintiff, in his complaint, asked for an accounting by the defendant, and offered to pay any sum found to be due on said accounting. The action was tried to the court upon pleadings and proofs, and certain findings were requested by the plaintiff, which were refused by the court and other findings were made for the defendant. From a judgment dismissing the action and quieting defendant's title as against plaintiff, this appeal is prosecuted.

Objection is made here that the complaint fails to state a cause of action, but we are of the opinion that this contention is clearly untenable. It is conceded that if the assessment for the street improvement was regular and the foreclosure thereof in accordance with the provisions of the statute applicable thereto, the purchaser at the sale under such foreclosure obtained a title to the property free from all prior liens and incumbrances. But the statute under which these proceedings were had provided that the assessment liens should be foreclosed by actions at law or suits in equity, and that all persons interested in the property against which the assessment was levied should be made parties to the foreclosure proceedings. Laws 1885-86, pp. 238-243. In this instance it is admitted that the appellant was not made a party to the action to foreclose the street assessment, and it therefore follows that his rights as mortgagee were in no way affected thereby. As to him the foreclosure was absolutely ineffectual to divest his interest in the premises covered by his mortgage. *Krutz v. Gardner,* 18 Wash. 332 (51 Pac. 397) ; *Catterlin v. Armstrong,* 79 Ind. 514, 521; *Naylor v. Colville,* 47 N. Y. Supp. 267; *Bradley v. Snyder,* 14 Ill. 264 (58 Am. Dec. 564) ; *Gage v. Brewster,* 31 N. Y. 218; *Rogers v. Holyoke,* 14 Minn. 220 ; *Hasselman v. McKernan,* 50 Ind. 441; *Hosford v. Johnson,* 74 Ind. 481.

In the ejectment suit of *Krutz v. Gardner, supra,* this

court, although it was of the opinion that the foreclosure of the street assessment was not binding upon the appellant, held, nevertheless, that the foreclosure was not absolutely null and void and, in effect, that the assessment lien was still in force. And, if it be true that the respondent is the holder of a lien prior and paramount to appellant's mortgage, such lien is analogous to that of a senior mortgagee, and the right of the appellant as a junior mortgagee to redeem from the lien cannot well be doubted, unless that right has been cut off by some means recognized by law. 2 Jones, Mortgages (5th ed.), § 1064, and cases cited; *Krutz v. Gardner, supra.* And the fact that the appellant has foreclosed his mortgage in an action without making the respondent a party, and bought in the mortgaged premises at a sheriff's sale under the decree of foreclosure, does not militate against his right to redeem. See *Hasselman v. McKernan, supra,* a case directly in point. See, also, *Gower v. Winchester,* 33 Iowa, 303.

But it is contended by the learned counsel for the respondent, and the court below found, that this action was barred by the statute of limitations. This proposition is controverted by appellant, and this brings us to the consideration of that question. It is claimed on the part of the respondent that the time within which the action could be commenced is prescribed by § 4805 of Ballinger's Code, which provides that "an action for relief not hereinbefore provided for shall be commenced within two years after the cause of action shall have accrued;" and in support of this position it is argued that, inasmuch as an action like the one at bar is not otherwise provided for, it necessarily follows that it should have been commenced within two years after the assessment lien matured in the year 1890. It is true that there is no provision in our statute relating to the limitation of actions designating, *in express*

*terms,* the time within which actions like the present shall be commenced, but it does not necessarily follow from that fact that such an action is not therein "provided for" except by said § 4805.    For instance, the statute does not expressly prescribe the time within which an action may be commenced upon a promissory note, and yet every lawyer knows that such an action may be commenced within six years after the cause of action accrues, under subd. 2, § 4798, Bal. Code, which provides generally that an action upon a contract in writing, or liability, express or implied, arising out of a written agreement, may be commenced within that time.    Of course, the liability of a mortgagor upon a mortgage arises out of a written agreement, and hence, under the section of the Code last above mentioned, an action to enforce it must be commenced within six years after condition broken.    The debt to secure which appellant's mortgage was given became due and payable on March 1, 1894, and therefore the appellant's right to foreclose was not barred until March 1, 1900.    And as the right of a junior mortgagee to redeem from a prior mortgage is based upon the same instrument as his right to foreclose against his mortgagor, it would seem reasonably to follow, as the supreme court of Iowa has held, that his right to redeem is limited to the same time as his right to foreclose.    *Gower v. Winchester, supra; Crawford v. Taylor,* 42 Iowa, 260.

Applying the rule above stated, it was held in the case of *Gower v. Winchester, supra,* that the right of a junior mortgagee to redeem is complete upon the maturity of the junior mortgage, and that the statute begins to run at that date.    See, also, Boone, Mortgages, § 162.    It was also held in that case that the question of possession of the mortgaged premises could have no influence upon the statute of limitations, for the reason that in that state (as here)

a mortgage is only a lien to secure the payment of a debt, and not a conveyance of title; the title, until foreclosure and sale, remaining in the mortgagor. From the authorities last cited it would appear that, if any provision of our statute of limitations is applicable in this case, it is § 4798, and not § 4805, Bal. Code. It will be observed that what we have said respecting the applicability of said § 4798 is based upon the assumption that the appellant's rights are simply those pertaining to an ordinary junior mortgagee. But if, by reason of his having purchased the premises in controversy at the sale under the decree of foreclosure, the appellant be regarded, as counsel claims he should be, as the owner or mortgagor thereof, then his right to redeem is not limited by any provision of the statute. Concerning the statute of limitations it is said by Jones, in his valuable treatise on Mortgages, that, so long as the relation of mortgagor and mortgagee exists, the statute does not commence to run in favor of either the mortgagor or the mortgagee. 2 Jones, Mortgages (5th ed.), § 1152. And it was held in *Parker v. Dacres*, 2 Wash. T. 440 (7 Pac. 893), that a mortgagor may pay off the lien and free the estate from the incumbrance at any time before the premises are sold under a decree of foreclosure. In this instance, as we have said, there has never been a foreclosure of the assessment lien which in any wise affected the rights of appellant either as mortgagee or owner of the premises. For the foregoing reasons, we are of the opinion that appellant's action was not barred by the statute of limitations, and the judgment must, therefore, be reversed.

It is alleged in the pleadings that the respondent has been in possession and receiving the rents and profits of the premises described in the complaint ever since the 15th day of January, 1895; and appellant, in his complaint, offered, if permitted to redeem, to pay to the respondent

whatever sum might be found due on his lien, after deducting therefrom the amount of the rents and profits for which he should account to appellant.  At the trial testimony was produced by appellant tending to show the actual value of the use and occupation of the premises for the time aforesaid, and for which appellant claimed the respondent was bound to account.  The respondent denied any and all liability on his part to account for the rents and profits claimed by the appellant, but he introduced evidence to show the amount paid to the city for its interest in the premises by virtue of the foreclosure of the assessment lien, the amount of the assessment, the amount actually received for rent, and the sums paid for repairs, taxes, and water rent, and also the cost of evicting certain tenants who failed to pay rent.  The trial court refused to make a finding upon the question of accounting between the respondent and the appellant, and the latter asks this court to make such finding upon the evidence adduced upon the trial. This, we regret to say, we are unable to do, for the reasons hereinafter stated.  We are clearly of the opinion that the respondent is accountable to appellant for the rents and profits of the premises since they have been in his possession, and the only question requiring consideration in that regard is whether he should be held liable for any greater amount than he has received for rent and the fair rental value of that portion of the house occupied by himself and family.  The rule by which the liability of a mortgagee in possession to one entitled to redeem is determined in ordinary cases is well stated by a learned author as follows:

"As a general rule the mortgagee in possession is held to the exercise of such care and diligence as a provident owner in charge of the property would exercise; but he will not be held accountable for anything more than the actual rents and profits received, unless there has been

wilful default or gross negligence on his part." 2 Jones, Mortgages (5th ed.), § 1123.

See, also, Boone on Mortgages, § 169.

We are not satisfied from the evidence in this case that the respondent was guilty of either wilful default or gross negligence in the management of the property. In fact, it is not charged in the complaint that he was negligent respecting it. We are, therefore, of the opinion that he is accountable for nothing more than the actual rents and profits received and the reasonable value of the use of that part of the premises occupied by him, and which cannot be determined from the evidence in the record. Moreover, the respondent did not take possession of the premises as an ordinary mortgagee. That character was not assumed by him voluntarily, but was forced upon him by the application of equitable principles to a particular state of facts. He evidently supposed, and not without reason, that he was the owner of and entitled, in his own right, to the rents and profits and the use and occupation of the property, whereas in legal contemplation he was only the holder of an unforeclosed lien. Under such circumstances, a mortgagee is chargeable only with what he has received, and not with what he might have received by the use of greater diligence. 2 Jones, Mortgages (5th ed.), § 1123a.

At the trial the respondent produced, and caused to be filed, a statement of account or "bill of particulars," showing the amount of rents received, but he did not show, nor does it otherwise appear in evidence, the value of the use of a part of the dwelling house which he occupied for some considerable time. For that, as well as the rents received, he is accountable when the amount thereof shall have been ascertained. On the other hand, the respondent is entitled to be credited with the amount of the assessment lien and interest thereon from the time it became delinquent, and

the statutory penalty, but not with the costs of the fore-closure suit. He is also entitled to credit for the amount paid out for repairs, for water, and for taxes, and to this should be added the amount *necessarily* expended in evict-ing non-paying tenants. The respondent seems to have in-cluded in his account as stated an item of $75, alleged to have been paid by him in settlement of a suit brought by a tenant on a bond given by respondent in an action to re-cover the possession of the premises. We do not think he is entitled to credit for that disbursement.

The cause will be remanded to the lower court, with directions to require an accounting between the respondent and the appellant in accordance with this opinion. When the amount which the appellant will be required to pay to respondent in order to redeem has been ascertained, and the same has been paid, the appellant will be entitled to judgment in accordance with the prayer of his complaint.

Reversed and remanded.

REAVIS, C. J., and DUNBAR and HADLEY, JJ., concur.

FULLERTON, J., dissents.