[No. 4935. Decided February 21, 1905.]

JOHN CATLIN *et al., Respondents,* v. KATHARINA
MURRAY, *Appellant.*[1]

MORTGAGES—REDEMPTION—ACTION FOR—LIMITATION OF ACTIONS.
Where the mortgagee has been placed in possession for the purpose of collecting and applying the rents, and there has been no
foreclosure, an action to redeem from the mortgage is not barred,
since the statute of limitations does not commence to run while
the relation of mortgagor and mortgagee exists.

Appeal from a judgment of the superior court for Kittitas county, Rudkin, J., entered May 2, 1903, upon findings
in favor of the plaintiffs, after a trial on the merits before
the court without a jury, decreeing an accounting and
redemption from a mortgage. Affirmed.

*Graves & Englehart,* for appellant, contended, among
other things, that the right to foreclose and the right to
redeem are reciprocal, and redemption is barred in the
same time as foreclosure. 2 Jones, Mortgages, § 1146;
*Rogers v. Benton,* 39 Minn. 39, 38 N. W. 765, 12 Am. St.
613; *Koch v. Briggs,* 14 Cal. 257, 73 Am. Dec. 651; *Cun-*

1Reported in 79 Pac. 605.

*ningham v. Hawkins,* 24 Cal. 403, 85 Am. Dec. 73; *Ar-rington v. Liscom,* 34 Cal. 365, 94 Am. Dec. 722; *Henderson v. Grammar,* 66 Cal. 332, 5 Pac. 488; *Green v. Turner,* 38 Iowa 112; *Parsons v. Noggle,* 23 Minn. 328. The relation of mortgagor and mortgagee ceases to exist, if after breach, the mortgagee goes into possession. 2 Jones, Mortgages, § 1145; *Bradley v. Norris,* 63 Minn. 156, 65 N. W. 357.

*Kauffman & Frost,* for respondents.

PER CURIAM.—This suit was brought by the respondents for the purpose of redeeming the lands described in the complaint from a mortgage, and demanding an accounting from the appellant as the assignee of the mortgagee. The court made and entered findings of fact and conclusions of law, and rendered a decree in favor of respondents. The court, among other things, found, that on the 16th day of November, 1892, one William H. Beck was the owner of the land in question and delivered to one Thomas B. Goodwin a mortgage upon said lands, which was duly recorded, and was conditioned to save said Goodwin harmless from any and all liabilities which might then have been incurred by him by reason of his having become surety for Beck upon several written obligations; that, prior to the commencement of the suit to foreclose said mortgage, Beck placed Goodwin in possession of said premises, upon the agreement and understanding that he should apply the rents and profits thereof to the reduction of the debt by said mortgage secured, and Goodwin and his successors in interest have ever since remained in possession of said premises, receiving the rents and profits thereof; that on the 4th day of May, 1895, for valuable consideration, the said Beck sold and conveyed to plaintiff John Catlin the lands hereinbefore described, and the same ever

since have been, and now are, the property of said John Catlin and of his wife, his co-plaintiff herein; that the plaintiffs are entitled to an accounting, and to a decree permitting them to redeem from the mortgage by paying into court the sum of $1,760.30, within thirty days, and for costs. Certain exceptions were made to some of the findings, but we think the testimony substantially justified the findings.

The principal question in this case is, whether the action was barred by the statute of limitations. But we think the principle involved was decided adversely to appellant's contention in *Krutz v. Gardner,* 25 Wash. 396, 65 Pac. 771, where it was held that, as long as the relation of mortgagor and mortgagee exists, the statute does not commence to run in favor of either the mortgagor or the mortgagee. Under the testimony in this case the appellant is holding under Goodwin who, the testimony shows, was placed in possession as mortgagee, and there having been no foreclosure, the action was not barred by the statute of limitations, and the judgment is affirmed.