Fred J. Munder, J.
This is an action pursuant to subdivision 2 of section 1082 of the Civil Practice Act, to foreclose or extinguish a right of redemption in real property which had previously been sold pursuant to a judgment in an action by the Columbia Savings & Loan Association to foreclose a mortgage made by one Jeffrey Clark.
The named plaintiffs are the original mortgagee, Columbia Savings and Loan Association, who bought in the premises on *646 the foreclosure sale; the purchaser from them, Harvey H. Gordon; and the purchaser from Gordon, Emanuel Quaremba, who is now the purchaser in possession.
The defendants Nassau Suffolk Lumber & Supply Corporation and Pasquale Cofone are mechanic lienors who appeared and answered the complaint in the present action. Although their liens had been filed before the commencement of the original foreclosure action they were not made parties to it and their liens were not out off by the sale.
The defendant, Hempstead Bank, appeared but did not answer. It filed a judgment against Clark after the original foreclosure action was commenced. That judgment was effectively cut off by the foreclosure judgment (15 Carmody-Wait, New York Practice, p. 387; p. 405, § 263) but apparently the bank was made a party defendant in this action to doubly ensure that result.
The plaintiffs here seek a remedy in the nature of strict foreclosure. They ask, under the statute, that the rights of the afore-mentioned mechanic lienors be fixed as to redemption or foreclosure of their liens.
It is elementary, of course, that the failure to make them party defendants in the original action left these lienors unaffected by that action. They are entitled to redeem by paying the mortgage debt, interest and costs.
But here we have a stranger in possession who purchased from one who, in turn, purchased from the mortgagee who bought in the property on the foreclosure sale. Since the sale, money has been expended in the repair and rehabilitation of the building and for taxes. Is it equitable to allow the defendant lienors to redeem by the payment only of the mortgage debt and interest! It is said that by sleeping on their rights for more than three years they permitted improvements to be made and they should not be allowed to profit by their delay.
An answer to that assertion is that before the foreclosure sale the plaintiff in that action had actual notice of the defect in its action and did nothing to remedy it. In spite of the known defect it allowed the action to be completed and sold the property to the coplaintiff, Gordon, who was apprised of the defect.
The real party plaintiff in interest in the present action is the title company that made the original foreclosure search. It failed to turn up the filed liens although at about the same time it made a foreclosure search for one of the defendant lienors, who then contemplated the foreclosure of its liens. Despite such knowledge the title company insured the fee title to Gordon and again to the present purchasers in possession. *647 Thus the plaintiffs, or the title company, took a calculated risk in making whatever improvements were made.
And let it here be said that the defendants were under no obligation to foreclose their liens until required by the judgment in the present action. Their liens were continued by court orders. Nor were they obliged to prevent the repair or improvement of the property under the circumstances here existing.
The defendants, if they want to redeem, should pay the original mortgage debt and the interest to date, the insurance premium paid by the original mortgagee, the costs of the original action and all taxes paid to date. Against that they are to be credited for the fair value of the rents and profits since the sale as an equitable setoff against the mortgage debt. To avoid further hearings to establish the value of this setoff, the value will be fixed at the total of interest from the date of sale and the taxes paid since that date, leaving the amount needed for redemption the amount which was due on the judgment on the date of sale or $10,110.40. This right of redemption must be exercised within 10 days after the service of the judgment hereon with notice of entry upon defendants’ attorneys. Failing redemption, the lienors’ right to foreclose their liens must be exercised by the institution of an action within 20 days after the last day to redeem.
This right of redemption and the right to foreclose is subject, however, to what seems equitably to me to be a paramount right of the purchaser in possession to retain such possession by paying to the defendants the amounts due to them. Such right would be accorded if the lienors chose to foreclose. (Naylor v. Colville, 20 App. Div. 581.) I think it is equally applicable now.
This will constitute the decision of this court pursuant to section 440 of the Civil Practice Act.
Submit judgment on notice.